719 A.2d 306

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Frank LORD, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1996.

Decided Oct. 28, 1998.

Reargument Denied Jan. 19, 1999.

Stanley M. Shingles, Blue Bell, for Frank Lord.

Dennis McAndrews, Wayne, William R. Toal, III, Media, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION*

NIGRO, Justice.

In this criminal case, the issue before the Court is whether Pa. R.Crim. P. 1410 precludes an appellate court from deeming an issue waived when an Appellant fails to raise that issue in his Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P.1925(b).

In April of 1992, David Mucker, a narcotics detective, was working undercover in Jim's Bar in Norwood Borough. At that time, Mucker became associated with a woman named Maryann Goldy. Mucker purchased methamphetamine from Goldy on several different occasions. On some of these occasions, Goldy had the methamphetamine with her; other times, she made a phone call to procure it.

On one of these occasions, Mucker gave Goldy $340 for two "eightballs" of methamphetamine. Goldy then telephoned a man she referred to as "Frank." A short time later, Goldy met Appellant in the bar. The pair then left the bar and met outside. Two other detectives, who were parked in a van about fifty feet from the bar, observed as Goldy handed Appellant cash in exchange for an unidentifiable item. Forty-five seconds after this exchange, Goldy handed Mucker the methamphetamine.

Appellant was subsequently arrested and charged with possession of a controlled substance, delivery or possession with intent to deliver a controlled substance, possession of drug paraphernalia, and criminal conspiracy. On August 5, 1994, the jury returned a guilty verdict on the charges of delivery of a controlled substance and criminal conspiracy. Appellant filed a timely appeal and submitted a Statement of Matters Complained of on Appeal with the trial court pursuant to Pa. R.A.P.1925(b).

On appeal to the Superior Court, Appellant raised ten issues. The Superior Court addressed five of these issues, deeming the remaining five issues waived due to Appellant's failure to

include them in the Statement of Matters Complained of on Appeal.[1] The Superior Court explained that it considered the issues waived because "it is difficult to review a case adequately without a trial court opinion dealing with the issues...." Super. Ct. Mem. Op. at 7.

Appellant filed a Petition for Allowance of Appeal with this Court. We granted allocatur limited to the issue of whether Pa. R.Crim. P. 1410 precludes an appellate court from asserting the waiver of an appellate issue because that issue was omitted from the Statement of Matters Complained of on Appeal.

Pa. R.A.P.1925 provides, in pertinent part:

(a) General Rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

(b) Direction to file statement of matters complained of. The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be

1. The following five issues were treated as waived:

(1) Whether the trial court erred in failing to grant a motion for mistrial when a second Commonwealth witness volunteered that, based on his expertise, a transaction occurred between the defendant and his alleged co-conspirator.

(2) Whether the trial court erred in overruling defense objections to the speculations and unsupported conclusions of a police witness.

(3) Whether the trial court erred when it permitted a character witness to be questioned about the facts unrelated to defendant's reputation.

(4) Whether the trial court erred in failing to address several inappropriate comments in the prosecutor's summation.

(5) Whether the trial court erred in omitting from its charge to the jury on the crime of conspiracy instructions on mere presence, association and knowledge and in charging the jury on expert testimony when none was properly admitted.

considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pursuant to this rule, issues have been considered waived where no 1925(b) statement was filed or where an issue was not included in a filed statement. *See, e.g., Commonwealth v. Phillips,* 411 Pa.Super. 329, 601 A.2d 816 (1992), *aff'd,* 534 Pa. 423, 633 A.2d 604 (1993).

New Pa. R.Crim. P. 1410 states, in pertinent part:

Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues.

Pa. R.Crim. P. 1410(B)(1)(c).[2]

Although not binding, the Comment to Rule 1410 explains that under subsection (B)(1)(c),

any issue raised before or during trial is deemed preserved for appeal whether or not the defendant chooses to raise the issue in a post-sentence motion. It follows that the failure to brief or argue an issue in the post-sentence motion would not waive that issue on appeal as long as the issue was properly preserved, in the first instance, before or during trial.

In the present case, the Commonwealth asserts that the changes to Rule 1410 should not be construed to have any effect on the waiver language of Rule 1925(b). The Commonwealth argues that appellate issues should be waived where a party has failed to comply with a trial court's order that it produce a 1925(b) statement, but otherwise, where no 1925(b) statement is ordered, all issues properly preserved during trial should be preserved for appeal in accordance with Rule 1410. We agree with the Commonwealth's argument in part.

Since the enactment of new Rule 1410, the lower courts have struggled to discern what impact, if any, the new rule was intended to have on Pa. R.A.P.1925. The lower courts seem to have concluded that the new rule has alleviated

2. Because of the extensive changes to Rule 1410, a completely new rule was adopted on March 22, 1993 and is effective for determinations of guilt occurring after January 1, 1994.

Appellant of the obligation of listing all appellate issues in a 1925(b) statement as long as the issues not raised in the statement can be effectively reviewed from the record. *See, e.g., Commonwealth v. Monroe,* 451 Pa.Super. 197, 678 A.2d 1208 (1996) (finding that in light of changes to Rule 1410, Appellant's failure to include issue in his 1925(b) statement did not render issue automatically waived because under facts of case, such a failure did not preclude effective review of claim); *Commonwealth v. Cortes,* 442 Pa.Super. 258, 659 A.2d 573 (1995) (holding that in light of new Rule 1410, failure to include issue in 1925(b) statement does not automatically result in waiver of that issue on appeal). We disagree with the conclusion of the Superior Court in these cases. The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

On the other hand, new Rule 1410 was intended to eliminate the "double waiver" doctrine. As the Superior Court explained in *Cortes* :

> Prior practice required that to preserve an issue for appeal, the matter must have been raised initially when it occurred either before or during trial, and then be included in the Post-verdict Motion. Failure to include an issue in the Post-verdict Motion resulted in it being waived on appeal and often led to subsequent attacks on the conviction claiming counsel's ineffectiveness. New Rule 1410 was intended to eliminate this cumbersome process and allow the first appeal to address the issues properly raised before and during trial.

*Id.* at 261, 659 A.2d at 574.[3]

After examining the intent behind Rule 1410 and the importance of Rule 1925 to the appellate process, we conclude that the Rules are not in conflict.

**3.** Although we disagree with the ultimate conclusion of the Superior Court in *Cortes,* we believe that the court's explanation of the double waiver doctrine is accurate.

We note, however, that it has been unclear whether new Rule 1410 was intended to modify the operation of Rule 1925. Thus, the potential for construing Rule 1410 as the exclusive provision for preserving an appellate issue is understandable.

Accordingly, we remand the instant matter to the Court of Common Pleas so Appellant may file a supplemental 1925(b) statement to include the additional five issues he raised on appeal.[4] However, from this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.

Jurisdiction relinquished.

NEWMAN, J., files a concurring opinion.

NEWMAN, Justice, concurring.

Although I concur in the result reached by the Majority, I write separately to clarify the interplay between Rule 1410(B)(1)(c) and Rule 1925(b). The Majority notes that, "the potential for construing Rule 1410 as the exclusive provision for preserving an appellate issue is understandable." Majority at 420, 719 A.2d at 309. I wish to emphasize that, while such an interpretation of Rule 1410 is "understandable," it is nonetheless incorrect. Where the trial court orders an appellant to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925(b), Rule 1410(B)(1)(c) will not save any issues omitted from such a statement from being waived.

---

4. We note that the trial court judge who presided over this matter, the Honorable Anthony Semararo, is deceased. As a result, it will be necessary for the President Judge to reassign this case to another Common Pleas Court judge.