**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dante OVERBY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 20, 1999.

Filed Jan. 7, 2000.

Gregory J. Pagano, Philadelphia, for appellant.

Catherine Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH and MUSMANNO, JJ., and CERCONE, President Judge Emeritus.

CAVANAUGH, J.:

¶1 This is an appeal from judgment of sentence imposed after a non-jury trial upon a finding of guilt of delivery/possession with intent to deliver a controlled substance, knowing and intentional possession of a controlled substance, and criminal conspiracy. The judgment of sentence is affirmed.

¶2 Appellant was arrested on September 26, 1997, with Yakim Smith and Michael Davis based upon observations made by Philadelphia police officers of alleged drug dealing. A preliminary hearing was held on February 5, 1998, and appellant and the two co-defendants were bound over for trial on the above-stated charges. A suppression hearing was conducted on September 8, 1998, and the trial was held immediately upon the denial of the suppression motions. The court deferred sentencing until October 21, 1998.

¶3 Appellant's counsel filed a notice of appeal on November 20, 1998. By order docketed on December 11, 1998, the trial court ordered and directed the filing of a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b), within 14 days. In a two sentence memorandum opinion docketed March 25, 1999, the trial court observed that, to date, no 1925(b) statement had been filed by counsel nor had there been any contact by counsel with the court. The trial court determined it was without a basis to render an opinion, but suggested dismissal of the appeal as the record was free from error. We find that the failure to file a timely 1925(b) statement renders no issue preserved for appellate review.

¶ 4 In *Com. v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), the supreme court held that from October 28, 1998, forward, in order to preserve claims for appellate review, an appellant must comply whenever the trial court orders the filing of a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. "Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* 553 Pa. at 420, 719 A.2d at 309. Counsel failed to file a 1925(b) statement within 14 days, or, indeed, prior to the filing of the lower court's memorandum opinion on March 25, 1999. The requested statement was filed with the lower court on April 16, 1999, and transmitted to this court on the same day. The trial court never had the opportunity to address the issues raised on appeal since it did not have the benefit of the statement.

¶ 5 In *Lord*, the supreme court noted the importance of Rule 1925 in the appellate process. It is intended as an aid to trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. *Id.* 553 Pa. at 419, 719 A.2d at 308. By the late filing of the statement, only after the lower court had transmitted its opinion and the rest of the record to this court, appellant has ignored the crucial role of Rule 1925 in the appellate process. We conclude, therefore, that no issues have been preserved for appellate review.

¶ 6 Judgment of sentence affirmed.