**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Katherine STEADLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 2000.

Filed March 2, 2000.

Kyle W. Rude, Williamsport, for appellant.

Kenneth A. Osokow, Asst. Dist. Atty., Williamsport, for the Com., appellee.

Before POPOVICH, EAKIN, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Katherine Steadley appeals *nunc pro tunc* from the judgment of sentence entered against her by the Court of Common Pleas of Lycoming County upon her convictions for possession with intent to deliver a controlled substance, possession of a controlled substance, delivery of a controlled substance, possession of drug paraphernalia, and criminal conspiracy. Because appellant has waived all issues for appeal since she failed to file a Pa.R.A.P. 1925(b) statement, the judgment of sentence is affirmed.

¶ 2 On January 27, 1997, District Justice Page issued an anticipatory search warrant[1] based upon the sworn affidavit provided by Officer Ungard of the Williamsport Bureau of Police. The affidavit stated that four "controlled buys" had occurred at 653 Hepburn Street, apartment 16 in Williamsport, Pennsylvania, since the investigation had begun.[2] The affidavit further specified that the warrant would not be executed unless another controlled buy occurred at the residence. A buy did in fact occur on January 27, 1997, and the Williamsport police then executed the anticipatory warrant and arrested appellant. Prior to trial, the Honorable Nancy L. Butts denied appellant's motion to suppress in which appellant argued, *inter alia*, that the affidavit contained insufficient probable cause for the district justice to issue the warrant. After her conviction, appellant, acting *pro se*, attempted to file a notice of appeal, which the Prothonotary returned because her trial counsel had not yet been released from the case. On November 2, 1998, appellant, again acting *pro se*, filed a petition to appeal *nunc pro tunc*, which Judge Butts granted.

■ ¶ 3 On April 16, 1999, Judge Butts ordered appellant to file a concise statement of the matters complained of on appeal based upon Pa.R.A.P. 1925(b) (hereinafter "Rule 1925(b)") within fourteen days.[3] By the end of April, appellant's appointed counsel terminated his affiliation with the Public Defender's Office and withdrew from this case. The court then permitted new counsel time to familiarize himself with the case prior to filing the ordered Rule 1925(b) statement. After four months had elapsed since originally ordering the statement, Judge Butts authored an opinion and order, dated 8/23/99, urging this Court to find appellant's issues waived due to appellant's noncompliance with the 1925(b) order. Acknowledging his oversight in failing to file a Rule 1925(b) statement, appellant's new counsel nonetheless latched onto a phrase in the lower court's 8/23/99 opinion and asked this Court to consider the merits of appellant's case.[4]

---

1. The Pennsylvania Supreme Court recently allowed appeal in *Commonwealth v. Glass*, 556 Pa. 62, 726 A.2d 1041 (1999), to determine whether anticipatory search warrants are constitutional.

2. The affidavit is silent as to when the investigation began.

3. Rule 1925(b) permits the lower court to order the appellant to submit to the court "a concise statement of the matters complained of on the appeal...." Pa.R.A.P.1925(b).

4. In her Rule 1925(a) opinion, Judge Butts stated:

   Instantly, the Defendant's right to appeal the legality of the search warrant is properly preserved under Pa.R.Crim. P(sic) 1410 (Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues.) The Opinion in support of this Court's Order with regard to the Defendant's Motion to Suppress is accompanying the Order dated December 3, 1997.

¶ 4 We must first determine whether appellant has waived her claims by failing to file a Rule 1925(b) statement. Should we reach the merits of appellant's claims, she submits that the lower court erred in finding that sufficient probable cause existed to validate an anticipatory search warrant.

¶ 5 The Commonwealth guides us to our Supreme Court's recent holding in *Commonwealth v. Lord* :

> [F]rom this date [October 28, 1998] forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.

*Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998). The Court in *Lord* took the additional step of overturning a long line of Superior Court cases that had permitted appellate review in the absence of a Rule 1925(b) statement when the lack of a trial court opinion supposedly would not preclude effective review. *See id.* at 308. The Court concluded that, "the absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." *Id.*

¶ 6 Recently, Judge Cavanaugh, writing for two separate panels of this Court, has had the opportunity to establish this Court's interpretation of *Lord*. *See Commonwealth v. Overby*, 744 A.2d 797 (Pa.Super.2000); *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.2000). In *Overby*, the trial court requested a Rule 1925(b) statement, but appellant neglected to file the statement until five months after the request. *Overby*, 744 A.2d at 797–98. In the meantime, the trial court drafted a statement suggesting that this Court should find appellant's issues waived. *See id.* Judge Cavanaugh, agreeing with the trial court, strictly interpreted the language of *Lord* and found appellant's issues waived. *See id.*

¶ 7 In *Ortiz*, appellant filed his Rule 1925(b) statement after the fourteen-day period in which to file the statement had elapsed. *See Ortiz*, at 663 n. 3. The relevant distinction between *Overby* and *Ortiz* is that in *Ortiz*, the appellant did manage to file a Rule 1925(b) statement before the trial court drafted its Rule 1925(a) opinion. *See id.* Judge Cavanaugh then addressed this factual distinction in light of the Supreme Court's concern in *Lord* that the lack of a trial court opinion precludes meaningful and effective appellate review. *See id.* He concluded that meaningful review could proceed under the *Lord* rationale because appellant did file a Rule 1925(b) statement, albeit late, before the trial court drafted its opinion. *See id.*

¶ 8 In the instant case, although appellant failed to submit a Rule 1925(b) statement, the trial judge nonetheless drafted an opinion. Presumably, the trial judge anticipated that appellant might raise the legality of the search warrant in her appeal. The judge therefore incorporated the 12/3/97 opinion [5] into the 8/23/99 Rule 1925(a) opinion.

¶ 9 We are constrained by *Lord* and its progeny to find that appellant has waived the claim presently before this Court because she neglected to file a Rule 1925(b) statement. If we allow review of cases where a trial judge determined which issues an appellant could raise and how to frame those issues, that appellant would potentially lose a variety of protected constitutional rights. This procedure that appellant urges upon this Court would un-

---

Trial Court Opinion, 8/23/99, at 2. Judge Butts misinterprets the relationship between Pa.R.Crim.P. 1410 and 1925. As discussed *infra, Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), issues not presented in a Rule 1925(b) statement are waived regardless of the issues' preservation status under Rule 1410. *See id.* at 308–09.

**5.** This opinion denied appellant's motion to suppress the evidence obtained while executing the anticipatory search warrant.

dermine the appellate process in that it severely limits the types and nuances of arguments that appellant may raise on appeal. Therefore, such a procedure prevents the meaningful appellate review sought in *Lord*.

¶ 10 Judgment of sentence affirmed.

¶ 11 Concurring and Dissenting Statement by POPOVICH, J.

POPOVICH, J., concurring and dissenting:

¶ 1 Although I agree with the majority's determination that appellant's judgment of sentence must be affirmed, I disagree with its conclusion that appellant's challenge to the lower court's suppression ruling was waived by her failure to file a concise statement of matters complained of on appeal when ordered to do so by the lower court pursuant to Pa.R.A.P. 1925.

¶ 2 As the majority correctly notes, our Supreme Court in *Commonwealth v. Lord*, 553 Pa. 415, 419–20, 719 A.2d 306, 309 (1998), held: "[I]n order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(a) statement will be deemed waived." Presently, appellant did not file a 1925 statement, even though ordered to do so by the lower court. Thus, on its face, our Supreme court's holding in *Lord, supra,* would appear to mandate the result reached by the majority.

¶ 3 However, I am convinced such a blanket approach to application of the afore-quoted language of *Lord, supra,* is not appropriate in this case. In *Lord,* 719 A.2d at 308, our Supreme Court stressed the crucial importance of a trial court's opinion in meaningful appellate review. However, in that case, the appellant did not include several issues in his 1925 statement which he later sought to be reviewed on appeal. Thus, there was not a trial court opinion for the appellate courts to

review in considering the defendant's claims on appeal, and meaningful appellate review was substantially impaired.

¶ 4 Presently, however, appellant filed a pretrial motion to suppress, which the lower court rejected in an opinion dated December 3, 1997. This opinion has been a matter of record since well before trial. Thus, the concerns present in *Lord, supra,* are not present herein. *Compare Commonwealth v. Ortiz,* 745 A.2d 662, 663 n. 3 (Pa.Super.2000) (where appellant filed untimely 1925 statement, and court addressed issue, issue is not waived on appeal), *with Commonwealth v. Overby,* 744 A.2d 797, 798 (Pa.Super.2000) (where appellant filed an untimely 1925 statement and lower court did not address issues raised therein, issues were waived on appeal).

¶ 5 Since a written opinion on the very issue raised on appeal exists in this case, I am convinced we are possessed with the discretion to consider appellant's claim, as expressly granted to us by our Supreme Court in Pa.R.A.P. 1925, which provides: "A failure to comply with such direction *may* be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of." (Emphasis added).

¶ 6 Turning to appellant's suppression claim, I nevertheless agree with the majority's determination that appellant's judgment of sentence must be affirmed, albeit on other grounds. Upon review of appellant's claim, the parties' briefs and the applicable law, I find that the opinion of the lower court dated December 3, 1997, adequately addresses and disposes of appellant's claim. Accordingly, I would affirm and adopt the opinion of the lower court for the purposes of *allocatur*.