**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Albert BUTLER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 17, 2000.
Filed July 3, 2000.
Reargument Denied Aug. 31, 2000.

Patrick J. Egan, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before DEL SOLE, EAKIN, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Albert Butler appeals the Post–Conviction Relief Act (PCRA) court's dismissal without a hearing of his PCRA petition. We affirm.

¶ 2 The PCRA court aptly summarized the facts:

1. On November 17, 1995, following a jury trial, [appellant] was convicted of first degree murder, robbery and conspiracy. [Appellant] was represented by Eugene Tinari, Esquire. Judge Eugene H. Clarke, Jr. presided.

2. The Commonwealth presented evidence that on August 3, 1994, two men entered the Sugar Ship Bar in Philadelphia. One of the men asked Calvin Edwards, the manager of the bar, if he knew what time it was. Mr. Edwards responded that it was 12:30 a.m. [Appellant] then told Mr. Edwards that that was not the correct time, but rather it was "time to give up the money." [Appellant] was armed with a silver revolver and pointed it at Mr. Edwards' head. He then fired the gun, causing a gunshot wound to Mr. Edwards' head which killed him.

3. On September 4, 1996, [Appellant] was sentenced to life in prison for the first degree murder conviction. He was also sentenced five to ten years for the robbery conviction and five to ten years for the conspiracy conviction, each to run concurrent to the life sentence. Following sentencing, Mr. Tinari withdrew as counsel and Jack McMahon, Esquire, filed an appeal to the Superior Court of Pennsylvania. The Pennsylvania Superior Court affirmed both the conviction and the sentence in an unpublished memorandum opinion on December 31, 1997. [*Commonwealth v. Butler*, No. 3353 Philadelphia 1996, unpublished memorandum (Pa.Super. filed Dec. 31, 1997).] [Appellant] did not seek allocatur.

4. On February 26, 1998, [appellant] filed a pro se PCRA petition. Thereafter, Patrick Egan was appointed to represent him and filed an amended petition. On February 3, 1999, the Commonwealth filed a motion to dismiss. Subsequently, on May 11, 1999, [appellant's] amended petition was dismissed without a hearing, [the PCRA court] having determined that a decision could be made from the existing record.

PCRA Court Opinion, 7/20/99, at 1–2 (footnote omitted). Appellant then filed a notice of appeal, and the PCRA court ordered him to submit a Pa.R.A.P.1925(b) statement.[1] Appellant did not do so; thus, the PCRA court's opinion addressed only the issues appellant raised in his amended PCRA petition.

¶ 3 On appeal, appellant raises the same issues he raised in his amended PCRA petition:

A. Was Appellant denied his constitutional right to effective assistance of counsel at trial and post-trial stages due to the failure of counsel to:

1. Object to the Trial Court's [i]nadequate [i]nstructions on [i]ncorrect [e]yewitness [i]dentification.

---

1. Pa.R.A.P.1925(b) permits the court to "enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order." Pa.R.A.P. 1925(b).

2. Object to the Trial Court's [i]nadequate instructions on impeachment of witnesses.

3. Object to the trial court's defective alibi instruction.

4. Adequately and fully investigate and prepare for trial and [p]rovide even a minimal defense to the extent that the trial performance was deficient by constitutional standards.

\* \* \*

B. Was Appellant's conviction obtained in violation of his constitutional rights under Article I Section 9 and pursuant to *Brady v. Maryland*?

Brief for Appellant at 4. Before we address the merits, however, we must determine whether appellant has waived the issues.

¶ 4 As noted above, the PCRA court ordered appellant to file a Rule 1925(b) statement, see PCRA court order, 6/25/99, at 1, but appellant failed to do so. Without the benefit of appellant's statement, the PCRA court then issued an opinion on July 20, 1999, discussing in detail the issues appellant had raised in his amended PCRA petition. *See* PCRA Court Opinion, 7/20/99, at 2. We are aware of no case specifically dealing with the issue of whether a PCRA petition may serve as a substitute for a Rule 1925(b) statement and, thus, now address this issue for the first time.

¶ 5 Our Supreme Court addressed Rule 1925(b) in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998). In *Lord*, the Court held that "from this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* at 309. Our own Court has addressed *Lord* several times. *See, e.g., Commonwealth v. Steadley*, 748 A.2d 707, 708 (Pa.Super.2000); *Giles v. Douglass*, 747 A.2d 1236, 1236 (Pa.Su-

per.2000); *Commonwealth v. Ortiz*, 745 A.2d 662, 663 (Pa.Super.2000); *Commonwealth v. Overby*, 744 A.2d 797, 798 (Pa.Super.2000).

¶ 6 In *Steadley*, the appellant failed to file a Rule 1925(b) statement but the trial court drafted an opinion addressing what it assumed the appellant might appeal. *See Steadley*, 748 A.2d at 709. This Court held that "appellant has waived the claim ... because she neglected to file a Rule 1925(b) statement," reasoning that allowing "the trial judge [to] determine[ ] which issues an appellant could raise" would be detrimental to appellants. *Id.* In *Giles*, the appellant failed to file a Rule 1925(b) statement, and, just like in *Steadley*, the trial court issued an opinion attempting to address the appellant's issues, though it noted that it was unaware of the appellant's specific issues. *See Giles*, 747 A.2d at 1237. Our Court held that the appellant had waived his issues on appeal because when the trial court has "to guess what issues [an appellant is appealing], that is not enough for meaningful review." *Id.* In *Overby*, the trial court ordered the appellant to file a Rule 1925(b) statement on December 11, 1998. *See Overby*, 744 A.2d at 797. When the appellant had not done so by March 25, 1999, the trial court issued an opinion urging this Court to waive the issues on appeal. *See id.* This Court agreed and held that the appellant had indeed waived his issues on appeal for failing to file a Rule 1925(b) statement. Thus, this Court has established a pattern for 1925(b) cases.

¶ 7 The only deviation from that pattern is *Ortiz*. *See Ortiz*, 745 A.2d at 662. In *Ortiz*, the appellant filed his Rule 1925(b) statement two weeks late. *See id.* at 663. The trial court subsequently issued an opinion discussing the appellant's sole issue on appeal. *See id.* A panel of this Court held that "the trial court's subsequent opinion discussed the sole issue raised therein and, thus, there is no impediment to our meaningful review." *Id.* at 664 n. 3. It is with these cases in mind that we turn to the case at hand.

¶ 8 The case before us is more similar to *Steadley*, *Giles*, and *Overby* than *Ortiz*. Here, the court never had the benefit of a Rule 1925(b) statement, as the court did in *Ortiz*, 745 A.2d at 663. While the PCRA court did have the benefit of appellant's amended PCRA petition, it still had to guess what issues appellant would raise on appeal. Of course, a PCRA court would perhaps be more likely than the trial court to be aware of potential issues on appeal because of the PCRA petition, but the PCRA court would still be guessing. Had the PCRA court guessed incorrectly that appellant only wanted to raise two of the above issues instead of five, appellant would have been restricted to those two issues. Further, appellant could have wished to appeal the fact that he did not receive a hearing on his PCRA petition. As the PCRA court did not address that in the opinion, appellant would be precluded from raising that claim. Again, the PCRA court would be determining what issues the appellant could appeal, and we cannot conduct meaningful review where the PCRA court defines the appellant's issues. We can only conduct meaningful review where the appellant writes a Rule 1925(b) statement and the court below, be that a trial court or a PCRA court, responds to those issues in its opinion. Moreover, it is contrary to our system of justice to allow the court rather than the appellant to frame the issues. Indeed, this would "severely limit[ ] the types and nuances of arguments that [an] appellant [could] raise on appeal." *Steadley*, 748 A.2d at 710. While it may appear to punish appellant in this particular case, it will also allow future appellants to frame their own issues. Further, it again serves as notice to appellants: when a trial court or a PCRA court orders a Rule 1925(b) statement, the appellant must comply or risk waiver.

¶ 9 Order affirmed.