**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Philip ALSOP, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 29, 2001.

Filed May 14, 2002.

Andrew G. Gay, Pittsburgh, for appellant.

Mary M. Killinger, Asst. Dist. Atty., Norristown, for Com., appellee.

Before DEL SOLE, P.J., CAVANAUGH, JOHNSON, HUDOCK, JOYCE, STEVENS, MUSMANNO, ORIE MELVIN and LALLY–GREEN, JJ.

JOYCE, J.

¶ 1 This is an appeal filed by Philip Alsop[1] (Appellant) from the judgment of sentence entered by the Court of Common Pleas of Montgomery County. This followed Appellant's conviction and sentencing for various crimes including aggravated assault (pursuant to the Crimes Code),[2] and aggravated assault by vehicle while driving under the influence (pursuant to the Motor Vehicle Code).[3] For the reasons set forth herein, we affirm the judgment of sentence.

¶ 2 The pertinent facts and procedural history of this case as set forth by the trial court are as follows:

On May 17, 2000, following a two day bench trial, this court found the Appellant, Philip John Alsop, guilty of aggravated assault, aggravated assault by vehicle while driving under the influence of alcohol, and related offenses. The Appellant was sentenced on July 10, 2000. [Appellant was sentenced to 4½ to 20 years' imprisonment for the aggravated assault conviction, pursuant to the Crimes Code. The court did not impose further penalty for the latter conviction (aggravated assault by vehicle while driving under the influence, pursuant to the Motor vehicle Code), having determined that it merged with the former,

---

1. A/k/a Philip John Alsop.

2. 18 Pa.C.S.A. § 2702(a)(1).

3. 75 Pa.C.S.A. § 3735.1.

for sentencing purposes.] Appellant's conviction stems from an incident that occurred on March 10, 1999.

On March 10, 1999, the Appellant, during his work hours, consumed [several] ounces of vodka. Subsequently, the Appellant began having difficulty fulfilling his employment responsibilities, and was witnessed breaking glasses. Later that afternoon, on his commute home, the Appellant's vehicle missed the turn [at] an intersection, nearly striking another vehicle. His vehicle jumped the curb, and struck a guardrail and a stop sign. After being approached by the other driver, the Appellant pulled his automobile from the wreckage and continued on his way. During that time, the Appellant was involved in a second collision. The second collision involved a pedestrian, Mr. Thor McRoberts who was hit from behind by the Appellant's automobile. Mr. McRoberts' head hit the windshield of the Appellant's automobile. He was thrown into the air, and was rendered quadriplegic. The Appellant began to leave the scene of this collision. He then returned within minutes when he heard the police sirens. The Appellant was arrested, and transported to North Penn [H]ospital where his blood alcohol level was determined as a .268. The Appellant was then released to the custody of his wife, and returned to his residence in North Wales.

Later that evening, a domestic dispute report was made regarding the Appellant at his residence. The police responded, and while interviewing the Appellant's wife and daughter, the Appellant came back to the scene. The police attempted to interview the Appellant, whereupon he tried to leave the residence. During that exchange with police, the Appellant lunged for an officer's firearm, while telling the officers they should shoot him or he would kill them if he gained control of their firearms. Two officers finally restrained the Appellant using pepper spray.

Subsequent to his conviction [and sentence] for the above offenses, the Appellant filed a motion to modify his sentence. However, on August 11, 2000 this court upon consideration of said motion, and after argument, denied the motion. The Appellant then filed this appeal.

Trial Court Opinion, 10/11/2000, at 1–2.

¶ 3 The record shows that following Appellant's appeal, in an order issued on August 25, 2000 (docketed on August 28, 2000), the trial court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), within ten days.[4] Docket Entry # 53. Appellant did not file the 1925(b) statement until October 16, 2000. On October 11, 2000, the trial court issued an opinion pursuant to Pa.R.A.P.1925(a). Docket Entry # 56. In that opinion, the court addressed the issue of whether Appellant was improperly sentenced under the incorrect statute, i.e., whether Appellant should have been sentenced for aggravated assault by vehicle while driving under the influence, 75 Pa.C.S.A. § 3735.1 as opposed to aggravated assault, pursuant to 18 Pa.C.S.A. § 2702(a)(1). Ultimately, the trial court found this issue to be without

---

4. The trial court erroneously gave Appellant ten days (instead of fourteen days) to file the 1925(b) statement. *See Commonwealth v. Gray,* 784 A.2d 137, 140–141(Pa.Super.2001). However, this error is inconsequential because Appellant did not file the statement within fourteen days of the order directing him to file the statement. Further, the trial court's 1925(a) opinion was filed more than fourteen days after the entry of the order directing Appellant to file the 1925(b) statement.

merit. *See* Trial Court Opinion, 10/11/2000.

¶ 4 The certified record also reflects that Appellant filed a 1925(b) statement, which was docketed on October 16, 2000, five days *after* the trial court issued its 1925(a) opinion. Docket Entry # 57. However, in his application for panel reconsideration, Appellant alleged that he *sent* his Rule 1925(b) statement to the trial court's clerk of courts on September 7, 2000.[5] In support of this contention, Appellant attached a transmittal letter, dated September 7, 2000, which supposedly accompanied the 1925(b) statement filed with the clerk of courts. Appellant maintains that the trial court received his 1925(b) statement *before* it drafted the October 11, 2000 Rule 1925(a) opinion, despite the fact that the 1925(b) statement was inexplicably entered on the docket on October 16, 2000.

¶ 5 The issues involved in this appeal are as follows:

[1.] WAS THE EVIDENCE INSUFFICIENT TO SUPPORT THE APPELLANT'S CONVICTION FOR AGGRAVATED ASSAULT INSOFAR AS THE EVIDENCE FAILED TO ESTABLISH THAT THE APPELLANT ACTED WITH THE NECESSARY *MENS REA* TO SUSTAIN THAT CRIME?

[2.] DID THE LOWER COURT ERR IN CONVICTING AND SENTENCING THE APPELLANT WITH RESPECT TO THE CRIME OF AGGRAVATED ASSAULT AS FELONY OF THE FIRST DEGREE INSOFAR AS THE LEGISLATURE ENACTED A SPECIFIC CRIME THAT GOVERNS THE FACTS UNDERLYING THAT CRIME?

Brief for Appellant, at 4.

¶ 6 Initially, we must consider whether the issues raised in this appeal must be deemed waived because of Appellant's failure to timely file a 1925(b) statement, and/or failure to raise them in the belated 1925(b) statement.[6] In *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 309 (1998), the Pennsylvania Supreme Court declared that "from this date [October 28, 1998] forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."

¶ 7 The record in this case shows that Appellant's first issue, dealing with the sufficiency of the evidence, was not raised in Appellant's belated 1925(b) statement and was not addressed by the trial court, in its 1925(a) opinion. Therefore, this issue must be deemed waived pursuant to *Lord* and its progeny. Similarly, the first part of the second issue, alleging that the trial court erred in *convicting* Appellant of aggravated assault pursuant to the Crimes Code, was not raised in the belated 1925(b) statement. Thus, this issue is waived. Although the trial court's 1925(a) opinion addressed the sentencing issue as well as the *conviction* issue, this does not save the issue of conviction for purposes of appellate review. The trial court's gratuitous discussion of the issue of conviction cannot serve to preserve this issue which was never raised in Appellant's belated 1925(b) statement. To deem an issue preserved because of a trial court's

---

**5.** It is noteworthy that the Commonwealth does not dispute this allegation.

**6.** We refer to Appellant's 1925(b) statement as "belated" because it was entered on the docket well beyond the deadline issued by the trial court.

unsolicited discussion of the issue not raised in the 1925(b) statement would run counter to the clear and unambiguous language of *Lord:* that "any issues not raised in a 1925(b) statement will be deemed waived." *Lord,* 719 A.2d at 309. Also, in the case at hand, the trial court's discussion of an issue that was not raised in the 1925(b) statement was necessarily the result of anticipation, prediction, or guesswork. Even a correct anticipation or prediction in the trial court's 1925(a) opinion of the issue which would have been raised by an appellant, does not serve to preserve that issue for appellate review. *See Commonwealth v. Steadley,* 748 A.2d 707, 709 (Pa.Super.2000) (finding that the appellant waived her claim because she neglected to file a Rule 1925(b) statement even though the trial court, in *anticipation* of what issue the appellant might raise, addressed a suppression issue). Along the same lines, other decisions of this Court have emphasized that "when a [trial] court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling,* 778 A.2d 683, 686 (Pa.Super.2001); *Commonwealth v. Butler,* 756 A.2d 55, 57 (Pa.Super.2000). The *Butler* Court explained the rationale behind the above principle and also pointed out the following inherent dangers in permitting appellate review of issues not raised in a 1925(b) statement but where the trial court guesses and addresses the issues in a 1925(a) opinion:

> [T]he [lower] court would be determining what issues the appellant could appeal, and we cannot conduct meaningful review where the [lower] court defines the appellant's issues. We can only conduct meaningful review where the appellant writes a Rule 1925(b) statement and the court below, be that a trial court or a PCRA court, responds to those issues in its opinion. Moreover, it is contrary to our system of justice to allow the court rather than the appellant to frame the issues. Indeed, this would severely limit the types and nuances of arguments that an appellant could raise on appeal. While it may appear to punish appellant in this particular case, it will also allow future appellants to frame their own issues. Further, it again serves as notice to appellants: when a trial court or a PCRA court orders a Rule 1925(b) statement, the appellant must comply or risk waiver.

*Butler,* 756 A.2d at 58 (citations and quotation marks omitted). As such, based on the preceding discussion, in the case at bar, despite the trial court's discussion of the issue of conviction, since this issue was not raised in Appellant's 1925(b) statement, it is waived for purposes of appellate review.[7]

¶ 8 We now turn to the second part of Appellant's second issue, which involves the trial court's *sentencing* of Appellant for the crime of aggravated assault pursuant to the Crimes Code. A careful review of the record shows that this issue was raised in Appellant's belated 1925(b) statement and was addressed in the trial court's 1925(a) opinion. This issue is not waived for purposes of appellate review. In *Commonwealth v. Ortiz,* 745 A.2d 662 (Pa.Super.2000), a panel of this Court was faced with a situation similar to one presented in this case. In *Ortiz,* the appellant filed his 1925(b) statement fourteen days late. The panel noted that although appellant's Rule 1925(b) statement was untimely filed, the trial court's subsequent opinion discussed the sole issue raised therein and, thus,

---

**7.** Additionally, it is noteworthy that when an appellant actually *files* a 1925(b) statement that is *too vague* for the trial court to identify and address the issues to be raised on appeal, the issues are deemed waived. *See Dowling,* 778 A.2d at 686–687.

there was no impediment to meaningful review. Accordingly, the panel declined to find waiver. *See Ortiz*, 745 A.2d at 663 n. 3, *citing Lord.*

¶ 9 Consistent with *Ortiz*, in the case *sub judice*, since the trial court apparently overlooked the untimeliness of Appellant's 1925(b) statement and addressed the sole issue raised therein, we will not deem that issue waived because there is no impediment to a meaningful appellate review of that issue. Our refusal to find waiver in this case is in accord with *Lord* and its progeny. Explaining the reason behind the strict waiver rule when an appellant fails to file a 1925(b) statement, the Supreme Court opined that "the absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." *Lord*, 719 A.2d at 308. From the above, it can be seen that the underlying principle behind *Lord* and its pronouncement on 1925(b) statements is to facilitate effective and meaningful appellate review by ensuring that the trial court is afforded an opportunity to address the appellate issues raised by an appellant.

¶ 10 In the case at bar, the trial court did issue an opinion in which it addressed the one issue raised by Appellant in his belated 1925(b) statement. Although the docket entry suggests otherwise, it is apparent that the trial court received or was aware of Appellant's belated statement before it filed the 1925(a) opinion. For instance, the trial court stated as follows in its 1925(a) opinion:

> Appellant contends that this trial court improperly sentenced him under the incorrect statute. Specifically, Appellant alleges that he should have been sentenced for aggravated assault by vehicle while driving under the influence pursuant to the Motor Vehicle Code[,] 75 Pa. C.S.A. 3735.1 as opposed to aggravated assault pursuant to the crimes code[,] 18 Pa.C.S.A. 2702(a)(1).

Trial Court Opinion, 10/11/2000, at 3. The above excerpt does not show that the trial court was addressing an issue it was *anticipating* or *predicting* that Appellant would raise on appeal.[8] Rather, the excerpt shows that the court was addressing an issue actually raised by Appellant. Furthermore, the trial court never indicated in the entire opinion that the opinion was written without the benefit of Appellant's 1925(b) statement. Another indication that the trial court received the belated statement before it drafted the 1925(a) opinion is the fact that the issue, as stated in the excerpt above, is almost a verbatim replication of the issue stated in Appellant's 1925(b) statement.[9] Accordingly, despite the discrepancy between the date Appellant claims to have sent the 1925(b) statement, and the date it was docketed, we conclude that the trial court received

---

**8.** *See Steadley, supra* (finding that the appellant waived his claim because she neglected to file a Rule 1925(b) statement even though the trial court, in *anticipation* of what the appellant might raise, addressed a suppression issue; if appellate courts permitted review of cases where a trial judge determined which issues an appellant could raise and how to frame those issues, that appellant would potentially lose a variety of protected constitutional rights).

**9.** The following text represents the issue raised in Appellant's 1925(b) statement:

> THE LEARNED TRIAL JUDGE ERRED in sentencing [Appellant] under the provisions [sic] Section 2702 of the Crimes Code, rather than sentencing him for the more specific offense in Section 3735.1 of the Motor Vehicle Code.

Docket Entry # 57.

Appellant's belated 1925(b) statement before it drafted the 1925(a) opinion and that the opinion did address the one issue raised in that statement. Thus, we will not deem this issue waived for purposes of appellate review.

■ ¶ 11 Our review of Appellant's single preserved issue, his challenge to the trial court's imposition of sentence for aggravated assault pursuant to the Crimes Code as opposed to aggravated assault by vehicle while driving under the influence, pursuant to the Motor Vehicle Code, must be guided by the following principles:

> Sentencing matters are vested in the sound discretion of the sentencing judge, and this Court will not disturb a sentence on appeal absent an abuse of discretion. A sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or illwill.

*Commonwealth v. Burns*, 765 A.2d 1144, 1150 (Pa.Super.2000) (citations and quotation marks omitted).

¶ 12 Appellant devoted the entire argument section of his brief to the issue of sufficiency of the evidence as well as the contention that the trial court erred in *convicting* him of aggravated assault, pursuant to the Crimes Code as opposed to aggravated assault by vehicle while driving under the influence, pursuant to the Motor Vehicle Code. As we noted earlier, the issue of sufficiency of the evidence, and Appellant's *conviction* were not preserved for appellate review due to his failure to raise these issues in the 1925(b) statement.

■ ¶ 13 Appellant's brief is devoid of any arguments in support of his only preserved contention, namely, that the trial court erred in *sentencing* him for aggravated assault, pursuant to the Crimes Code as opposed to aggravated assault by vehicle while driving under the influence, pursuant to the Motor Vehicle Code. Accordingly, we deem this issue waived. *See Commonwealth v. Burton*, 770 A.2d 771, 786 (Pa.Super.2001)(where the appellant claimed that his sentence constituted cruel and unusual punishment because his sentence was excessive, but cited no authority except a general cite to a cruel and unusual punishment case, appellant failed to develop the argument, it was deemed waived pursuant to Pa.R.A.P. 2119).[10] *See also Commonwealth v. Long*, 753 A.2d 272, 278–279 (Pa.Super.2000)(where the appellant failed to develop any argument with respect to an issue in his brief, the court was constrained to deem the issue waived). Further, our Court has repeatedly stated that "the argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citation to relevant authority. When the appellant fails to adequately develop his argument, meaningful appellate review is not possible. This Court will not act as new counsel." *Id.* at 279 (*citing Commonwealth v. Genovese*, 450 Pa.Super. 105, 675 A.2d 331, 334 (1996)). *Accord, Commonwealth v. Lilliock*, 740 A.2d 237, 244 (Pa.Super.1999)(where the appellant challenged the trial court's imposition of consecutive sentences but did not develop the argument, the issue was deemed waived); *Commonwealth v. Sneddon*, 738 A.2d 1026, 1029 (Pa.Super.1999)(the appellant "failed to include any argument whatsoever to

**10.** Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides that "[t]he argument [portion of a brief] shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent."

support his sentencing claim, and has, therefore, waived the issue").

¶ 14 In conclusion, we find that the first issue presented by Appellant in this appeal is waived due to Appellant's failure to raise the issue in his 1925(b) statement. For the same reason, the first part of Appellant's second issue, dealing with Appellant's *conviction,* is waived. With respect to the second part of the second issue, dealing with *sentencing,* our review shows that Appellant did not develop this issue in his brief. Therefore, this issue is waived as well. For the foregoing reasons, we affirm the judgment of sentence entered by the trial court.

¶ 15 Judgment of sentence affirmed.

¶ 16 DEL SOLE, P.J., files Concurring Opinion.

DEL SOLE, P.J., Concurring.

¶ 1 I agree with the result reached by the majority. I would not find Appellant's issues waived and write separately to suggest we re-examine our application of Pa. R.A.P.1925 and *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998).

¶ 2 I would revisit those previous decisions of this court that, applying *Lord,* have held issues waived even where the trial court has addressed those issues in an opinion. These include those cases where a 1925(b) statement was either not filed or filed after the trial court opinion.

¶ 3 In *Lord,* Mr. Justice Nigro, in explaining why there can be waiver for failing to list issues in a 1925(b) statement, wrote:

The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those

issues while the parties plan to raise an appeal.

719 A.2d at 308.

¶ 4 There is no functional difference when the issues are addressed in a trial court opinion written in response to a 1925 statement, or when anticipated issues are addressed by the trial court absent such a statement. In either case, the existence of the trial court opinion allows for "meaningful and effective" appellate review.

¶ 5 I believe that sound policy reasons exist not to find waiver. The public is better served when disputes are resolved on their merits rather than by default. In the case of a criminal conviction, many times the application of the waiver doctrine results in a PCRA filing claiming ineffectiveness and as a consequence, resources are expended to resolve a matter that could have been previously addressed.

¶ 6 Given the purpose of Rule 1925, I would find that purpose met when a trial court opinion exists addressing the issue, even if no 1925 statement is filed.