## Commonwealth v. Gonzalez

*John Adams, district attorney,* for Commonwealth.
*Miguel A. Gonzalez, Jr.,* pro se.

LUDGATE, *J.,* July 24, 2009—

### I. PROCEDURAL HISTORY

On March 23, 2001, Miguel Angel Gonzalez Jr., defendant, was charged by information in docket 1226-01

with criminal attempt to commit rape, 18 Pa.C.S. §901, aggravated indecent assault, 18 Pa.C.S. §3125(1), criminal attempt to commit aggravated indecent assault, 18 Pa.C.S. §901, indecent assault, 18 Pa.C.S. §3126(a)(1), criminal attempt to commit sexual assault, 18 Pa.C.S. §901, indecent exposure, 18 Pa.C.S. §3127 and corruption of minors, 18 Pa.C.S. §6301(a); in docket 1227-01, the defendant was charged by information with indecent assault, 18 Pa.C.S. §3126(a)(1), indecent exposure, 18 Pa.C.S. §3127 and corruption of minors, 18 Pa.C.S. §6301(a); in docket 1228-01, the defendant was charged by information with aggravated indecent assault, 18 Pa.C.S. §3125(1), indecent assault, 18 Pa.C.S. §3126(a)(1) and corruption of minors, 18 Pa.C.S. §6301(a).

On January 30, 2002, the defendant entered negotiated guilty pleas in all three dockets. On that date, bail was changed from $35,000 to $200,000 in each docket. However, this court allowed the defendant to withdraw his guilty pleas on March 19, 2002. On May 7, 2002, the defendant's request for reinstatement of bail at $35,000 was denied.

The defendant was scheduled for a jury trial in dockets 1227-01 and 1228-01 on August 7, 2002. The defendant was informed in person of the trial dates for all three dockets by court order issued April 23, 2002.[1] On the

---

1. See order issued 4/23/2002 ("(2) Trial in the matter of 1227/01 and 1228/01 shall be set as a date certain for August 7, 8 and 9, 2002. (3) Trial in docket 1226/01 shall be set as a date certain for August 14, 15, and 16, 2002").

date trial was to begin, the defendant was out of custody on a bail bond and failed to appear for trial. The defendant's privately retained counsel, Samuel Stretton, was present and ready for trial and had made efforts to contact the defendant. (N.T. excerpt of jury trial, 8/7/2002-8/8/2002, p. 9.) This court heard testimony from Ronald Seltman and Donald Frees of Capitol Bonding, a bail bond company. (N.T. 8/7/2002-8/8/2002, p. 4.) Mr. Seltman and Mr. Frees testified that they had searched at the two addresses the defendant had given to the bail bondsmen, one being his mother's house in Reading, Pennsylvania and the other the defendant's house in Blandon, Pennsylvania. The bondsmen found the Blandon address "cleaned out", containing no furniture and found no one home at the Reading address. (N.T. 8/7/2002-8/8/2002, p. 5.) The men learned the defendant's mother was at church, but were unable to locate her there. (N.T. 8/7/2002-8/8/2002, p. 6.) Several phone calls also failed to achieve contact with the defendant or his family. (N.T. 8/7/2002-8/8/2002, p. 7.) The defendant's last contact with the bail bond company was on or about July 25, 2002. (N.T. 8/7/2002-8/8/2002, p. 6.) Based on this testimony, the court forfeited the defendant's $200,000 bail, issued a bench warrant for the defendant and proceeded to jury trial in absentia.

On August 9, 2002, the defendant was found guilty of indecent assault, indecent exposure and corruption of minors in docket 1227-01. The same day, the defendant was found guilty of aggravated indecent assault, indecent assault and corruption of minors in docket 1228-01.

The defendant was scheduled for trial on August 14, 2002 in docket 1226-01. On this date, the defendant again failed to appear for trial. The court again heard testimony from representatives of the bail bond company. (Partial N.T. 8/14/2002-8/15/2002, p. 4.) By that date, Ronald Seltman had determined that mail going to the defendant's Blandon address had been forwarded to his mother's house in Reading. (N.T. 8/14/2002-8/15/2002, p. 5). Mr. Seltman testified to his ongoing efforts to locate the defendant, including following leads outside the Commonwealth of Pennsylvania. (N.T. 8/14/2002-8/15/2002, p. 6.) A United States' Marshal's Task Force had also been assigned to the case due to the possibility the defendant was outside of the United States. The defendant was entered into the National Crime Information Center as a wanted person. (N.T. 8/14/2002-8/15/2002, p. 7.) The defendant had received notice of the trial date by court order on May 7, 2002. The defendant's attorney, Mr. Stretton, stated the defendant was aware of the trial date because he had spoken to the defendant numerous times between July 25 and August 3, 2002. (N.T. 8/14/2002-8/15/2002, pp. 8-9.) Mr. Stretton had received a voicemail message from the defendant at his office on August 7, 2002, indicating the defendant would come to drop off a payment. Based on this contact, secretaries in Mr. Stretton's office attempted to call the defendant "every hour most of the day" but were unable to reach him. (N.T. 8/14/2002-8/15/2002, pp. 9-10.) Based upon the evidence that the defendant had absconded, the court proceeded to a jury trial in absentia.

On *August 16, 2002,* the defendant was found guilty of criminal attempt to commit rape, aggravated indecent

assault, indecent assault, indecent exposure, corruption of minors and criminal attempt to commit sexual assault in docket 1226-01.

On *October 1, 2002,* this court held a Megan's Law hearing and found the defendant to be a sexually violent predator pursuant to 42 Pa.C.S. §9791 et seq. and ordered the defendant to register as a sex offender for the rest of his life. The court ordered a copy of the notice to register to be served upon the defendant upon his apprehension. That day, this court sentenced the defendant in absentia to 13 to 28 years incarceration in docket 1226-01, two to four years incarceration in docket 1227-01 and five to 10 years incarceration in docket 1228-01, all consecutive. The same day, Attorney Stretton was granted leave of court to withdraw his appearance. Direct appeal was not sought.

The defendant was deported from the Dominican Republic to Miami, Florida on *August 31, 2007* and taken into custody that day. Attorney Andrea Mertz of the Berks County Public Defender's Office entered her appearance in each docket. The defendant began serving this sentence on September 4, 2007 following an execution of sentence hearing. At the hearing, the defendant was notified of his duty to register his address with the Pennsylvania State Police following his release from prison. (N.T., hearing, 8/4/2007 pp. 4-5.)

The defendant filed a pro se motion for post-conviction collateral relief on *January 28, 2009.* This motion was treated as a pro se motion for post-conviction collateral relief pursuant to 42 Pa.C.S. §9541 et seq. Osmer S. Deming, Esquire, was appointed to represent the defen-

dant in matters relating to post-conviction relief on February 3, 2009. On April 30, 2009, Attorney Deming filed a timely "no-merit letter" under *Commonwealth v. Finley,* 379 Pa. Super. 390, 550 A.2d 213 (1988), as well as a petition for leave to withdraw as court-appointed counsel.

After a thorough review of the record and Attorney Deming's "no-merit" letter, this court issued a notice of intent to dismiss the defendant's PCRA pursuant to Pennsylvania Rule of Criminal Procedure 907(1) on May 6, 2009. The notice of intent cited the lack of jurisdiction of this court to entertain an untimely PCRA due to the defendant's sentence having become final on November 1, 2002 and there being no applicable exception to the one-year timeliness requirement. The defendant was allowed 20 days to respond to the notice of intent. This court dismissed the defendant's PCRA on June 8, 2009.

The defendant filed a timely notice of appeal from the dismissal of his PCRA petition on June 24, 2009. The following day, this court ordered the defendant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the order. As of the date of this opinion, the defendant has not filed a 1925(b) statement.

The court respectfully requests that the defendant's appeal be dismissed for failing to file a statement of matters complained of on appeal, pursuant to 42 Pa.C.S. §1925, untimeliness of the initial PCRA petition and waiver for failure to pursue claims on direct appeal.

## II. DISCUSSION

At the outset, the court wishes to indicate that the defendant has demonstrated years of unmitigated distain for our system of criminal justice, as is shown by his flight from the United States mere days before trial and five-year fugitive status. The defendant absconded from our country to avoid the criminal justice system. Now, he wishes to avail himself of the rights under the justice system as now that it is in his best interest.

Under the timeline provided for by 1925(b), the defendant's concise statement should have been filed by July 16, 2009; however, in observance of the prisoner's mailbox rule, this court would have allowed five additional days for the defendant's statement to be filed.[2] Even observing the prisoner's mailbox rule, the defendant's concise statement should have been filed with the clerk by July 21, 2009. Even given these additional days, which this court feels is a reasonable time under the prisoner's mailbox rule, the defendant's concise statement has yet to be filed with the clerk as of the date of this opinion.

The Superior Court has held that the failure to file a timely 1925(b) statement renders no issue preserved for appellate review, *Commonwealth v. Overby,* 744 A.2d 797 (Pa. Super. 2000), citing, *Commonwealth v. Lord,*

---

2. The prisoner mailbox rule holds that a pleading propounded by an incarcerated defendant who is proceeding pro se is timely so long as it is placed into the stream of correspondence (mailed or given to a prison employee for mailing) by the deadline date. See *Commonwealth v. Little,* 716 A.2d 1287 (Pa. Super. 1998).

553 Pa. 415, 719 A.2d 306 (1998). In *Lord,* the Supreme Court stated:

"[F]rom this date [October 28, 1998] forward, in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." 553 Pa. at 420, 719 A.2d at 309.

A pro se defendant "is subject to the same rules of procedure as is a counseled defendant; he has no greater right to be heard than he would have if he were represented by an attorney." *Commonwealth v. Abu-Jamal,* 521 Pa. 188, 555 A.2d 846 (1989).

More recently, in *Commonwealth v. Steadley,* 748 A.2d 707 (Pa. Super. 2000), the Superior Court cautioned that a trial court should not attempt to glean a defendant's appellate issues when no concise statement is filed as this may result in the waiver of constitutional issues. In *Steadley,* the defendant failed to file a concise statement in compliance with the trial court's order. The trial court filed an opinion anticipating the appellate issues the defendant might raise. The Superior Court discouraged this practice, stating:

"We are constrained by *Lord* and its progeny to find that appellant has waived the claim presently before this court because she neglected to file a Rule 1925(b) statement. If we allow review of cases where a trial judge determined which issues an appellant could raise and how to frame those issues, that appellant would potentially lose a variety of protected constitutional rights.

This procedure that appellant urges upon this court would undermine the appellate process in that it severely limits the types and nuances of arguments that appellant may raise on appeal. Therefore, such a procedure prevents the meaningful appellate review sought in *Lord.* " *Steadley,* 748 A.2d at 709.

Based on the holding in *Steadley,* this court cannot address any appellate issues because the defendant has failed to file a concise statement and therefore has alleged no specific points of error to be reviewed on appeal.

The court was and is without jurisdiction to grant any of the requested relief due to the PCRA petition's *untimeliness.* "A PCRA petition, including a second or subsequent one, must normally be filed within one year of the date the judgment becomes final, . . . unless one of the exceptions contained in section 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer,* 596 Pa. 104, 108, 941 A.2d 646, 648 (2007) (citing 42 Pa.C.S. §9545(b)(1)(i)-(iii); 42 Pa.C.S. §9545(b)(2)). (footnote omitted) "A judgment becomes final at the conclusion of direct review, including discretionary review, or at the expiration of time for seeking such review." *Id.,* 596 Pa. at 108 n.5, 941 A.2d at 649 n.5 (citing 42 Pa.C.S. §9545(b)(3)). "The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." *Id.,* 596 Pa. at 108, 941 A.2d at 648-49 (citations omitted); see also, *Commonwealth v. Wojtaszek,* 951 A.2d 1169 (Pa. Super. 2008). Fugitive status does not serve to excuse or mod-

ify this deadline. *Commonwealth v. Pollard,* 911 A.2d 1005 (Pa. Super. 2006).

Sentencing occurred October 1, 2002. Because no post-sentence motions were filed and direct appeal was not sought, sentence became final on October 31, 2002, after the expiration of 30 days allowed to seek appellate review. The defendant's first PCRA petition was filed on January 28. 2009, more than six years after the one-year deadline.[3]

Based upon the finding that the defendant's initial PCRA petition was not timely, the defendant must have pleaded and proven an exception to the one-year requirement in order for this court to have jurisdiction. The exceptions are:

"(i) The failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the constitution or laws of the Commonwealth or laws of the United States;

"(ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the existence of due diligence; or

"(iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United

---

3. The date of the execution of sentence hearing (September 4, 2007) is immaterial for purposes of the one-year limitation. See *Commonwealth v. Pollard,* 911 A.2d 1005 (Pa. Super. 2006). Even if this were the relevant date, however, the defendant's PCRA would still be late by more than four months.

States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." (42 Pa.C.S. §9545(b)(1)(i)-(iii).)

The defendant did not plead any of the exceptions to the one-year deadline, nor did appointed PCRA counsel discover any such basis. The petition was untimely and this court remains without jurisdiction.

In addition to being waived by failure to file a 1925(b) statement and untimeliness, the defendant's claims are also *waived* for failure to seek direct review. While fugitive status is not a per se waiver of appellate or post-conviction rights, where flight from justice causes a defendant to fail to file a direct appeal, the claims are waived for post-conviction purposes. *Commonwealth v. Judge,* 568 Pa. 377, 797 A.2d 250 (2002); *Commonwealth v. Kindler,* 554 Pa. 513, 722 A.2d 143 (1999).

For all the above-mentioned reasons, the court respectfully requests the defendant's appeal be denied.

