**Bank of N.Y. Mellon v. Tarboro**

*Christian C. Nduka*, for appellants
*Chandra M. Arkema*, for appellee

TUCKER, *J.*, August 2, 2013—

## I. PROCEDURAL HISTORY & FACTS

This matter comes before the court from the granting of The Bank of New York Mellon's (hereinafter referred to as "appellee") motion to enforce settlement against Robert Lee Tarboro, Jr. (deceased), Robert Tarboro III, and Stacie Tarboro (hereinafter collectively referred to as "appellants"

and separately as named). On July 21, 2010, appellee, serving as trustee for the holders of the certificates, First Horizon Mortgage Pass-Through Certificates Series FH06-FA3, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the trustee under the pooling and servicing agreement, filed a complaint in mortgage foreclosure against the appellants for a property located in Philadelphia, PA. Compl. filed (07/21/2010).

On March 27, 2006, in consideration of a loan, Robert Lee Tarboro, Jr., executed and delivered to First Horizon Home Loan Corporation, an "Interest First Note" with a principal amount of one hundred and twenty-seven thousand five hundred dollars ($127,500.00) and initial monthly installments of seven hundred seventeen dollars and nineteen cents ($717.19) payable as to the principal and interest for the first one hundred twenty (120) months. Compl. filed (07/21/2010). Thereafter, the monthly installments were to increase to nine hundred sixty-nine dollars and forty-seven cents ($969.47), commencing on May 1, 2006, with a maturity date of April 1, 2036. *Id.* This "Interest First Note" was secured by a mortgage on the Philadelphia, PA subject to appellee's compliant in mortgage foreclosure. *Id.*

Mortgager, Robert Lee Tarboro Jr. died intestate on December 25, 2009. Compl. filed (07/21/2010). By letter of administration dated January 12, 2010, Stacie Tarboro, the daughter of Robert Lee Tarboro, Jr., and Robert Tarboro III, the son of Robert Lee Tarboro, Jr., were appointed co-administrators of the estate of Robert L. Tarboro, Jr. *Id.* Appellee's complaint in mortgage foreclosure seeks the

balance of the principal and accrued but unpaid interest from January 1, 2010 through July 23, 2010. *Id.*

Appellants filed their answer to the complaint in mortgage foreclosure on August 18, 2010 and the matter proceeded to litigation. Ans. (08/18/2010). Appellants' answer was filed by Michael H. Gaier, Esq. (hereinafter referred to as "Attorney Gaier") on behalf of all appellants. *Id.* Depositions for this matter were scheduled for March 13, 2012. Mot. to enforce settlement (01/30/2013). The deposition evolved into settlement discussions and a resolution to the underlying action in mortgage foreclosure was reached. *Id.* A resolution was reached as a result of these discussions; both Stacie Tarboro and Attorney Gaier participated in the deposition/settlement discussions. *Id.* On April 12, 2012, the court sustained a number of preliminary objections filed by appellee against appellants' counterclaims to the mortgage foreclosure action. Order entered by J. Panepinto (04/12/2012).

On August 22, 2012, almost five (5) months after the depositions, appellants executed a settlement and release agreement memorializing the terms of the March 2012 deposition settlement. Mot. to enforce settlement (01/30/2013). Appellee remitted fifteen thousand dollars ($15,000.00) to appellants pursuant to the settlement argeement. *Id.* The appellants failed to comply with the terms of the settlement agreement. *Id.* On January 9, 2013, Christian C. Nduka, Esq. entered his appearance on behalf of appellants (hereinafter referred to as "Attorney Nduka"). Withdraw/entry of appearance of counsel. (01/09/2013).

On January 30, 2013, appellee filed a motion to

enforce settlement; the response date was February 21, 2013 pursuant to the Philadelphia County Rules of Court. Mot. to enforce settlement (01/30/2013). Instead of filing an answer to appellee's motion to enforce settlement, Attorney Nduka inadvertently filed a separate motion to enforce settlement with an entirely different control number.[1] Mot. to enforce settlement (02/19/2013); N.T. (04/18/2013) at 2-3. Unfortunately, this action resulted in the cumbersome disposition of appellee's January 2012 motion to enforce settlement.

Essentially, the court granted both appellants and appellee's' uncontested motions to enforce settlement, thereby entering conflicting relief. Order entered by J. Tucker (02/28/2013); order entered by J. Tucker (03/14/2013). Appellee filed a motion for reconsideration of the court's order granting appellants' motion to enforce settlement. Mot. for reconsideration (03/25/2013). On April 2, 2013, the court issued a rule for the parties to show cause why appellee's motion for reconsideration should not be granted. Rule issued (04/02/2013). The rule was returnable April 18, 2013 at 10:00 am, Courtroom 675, City Hall, Philadelphia, PA. *Id.* A Pa.R.C.P. 236 notice of the rule was sent via the Philadelphia County Civil Administration electronic filing system the same day. Notice Given Under Rule 236 (04/02/2013).

On April 18, 2013, the court crier called the instant matter for disposition; although appellants' counsel was

---

1. The Philadelphia County Court of Common Pleas links motions and answers by the control number within the electronic filing system. Where a litigant fails to file an answer to a motion, that motion is considered "uncontested."

present, Ms. Tarboro was not present. N.T. (04/18/2013). After the rule was disposed, the court entered an order vacating the March 2013 order and granted appellee's motion to enforce settlement. Order entered by J. Tucker (04/18/2013). The court notes irregularities on this order, which states, "Plaintiffs motion for reconsideration and vacate the March 14, 2013 docketed Order is Granted. Defendants motion to Enforce Settlement is Granted." *Id.* Clearly, the court meant to grant appellees' motion to enforce settlement and not appellant's motion to enforce settlement. *Id.*

Appellants filed their own motion for reconsideration of the court's April 18, 2013 order, wherein seeking the following relief: 1) that the settlement and release agreement be set-aside; 2) a reversal of a prior court's ruling on appellee's preliminary objections; and 3) a rescission of the settlement and release agreement via a refund of the fifteen thousand dollar ($15,000.00) check remitted to appellants by appellee. Mot. for reconsideration (04/25/2013). On April 30, 2013, the court granted appellants' motion for reconsideration and reiterated that the March 2013 granting of their motion to enforce settlement agreement was vacated and the granting of appellee's February 2013 motion to enforce settlement was reinstated.

It is from this order that appellants appeal to the Superior Court. Superior Court Appeal (5/20/2013). On May 23, 2013, the court ordered appellants to file of record a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("1925(b) statement"). Order entered by J. Tucker (05/23/2013).

Appellants complied; appellants allege the following errors committed by the court, verbatim:

1. The Notice of Motion Hearing, dated April 3, 2013, never indicated that Defendant Stacie Tarboro must be present to testify at the motion hearing scheduled on April 18, 2013 at 10:00 A.M. in Courtroom 675, City Hall, Philadelphia, PA 19107. Attached as Exhibit "A" see copy of Notice of Motion Hearing.

2. The Court denied Defendant, Stacie Tarboro, her constitutional rights of notice and opportunity to be heard.

3. That same Court Order did not put Defendants on notice that Defendants' former counsel, Michael Gaier, Esquire would be called as a witness by the Plaintiff, Bank of New York Mellon, to testify against Defendants and divulge attorney/client privileged information.

4. At about 10:15 A.M., when the case was called, Defense counsel, Christian C. Nduka, Esquire informed Judge Leon W. Tucker, that Defendant Stacie Tarboro, was running late and that her testimony was crucial. That notwithstanding, the hearing went ahead and Defendant's former counsel, Michael Gaier, Esquire was allowed to testify for the Plaintiff, over Defendants counsel's objection.

5. Defendant, Stacie Tarboro, made some serious allegations against her former counsel, Michael Gaier, Esquire, that he defrauded her and duped her into signing the Settlement Agreement.

6. Defendant, Stacie Tarboro, also made a serious allegation of fraud against Plaintiff, Bank of New York Mellon, its Counsel and agents that despite their knowledge that both her and her brother, did not have good credit and would not be able to repair their credits within 120 days, they connived and conspired with Defendant's former Counsel, Michael Gaier, Esquire, to draft a Settlement Agreement which was designed to transfer the property to the Bank after 120 days.

7. These allegations made by Defendant, Stacie Tarboro, are serious enough that if found to be true, would have warranted a Denial of Plaintiff's Motion to Enforce Settlement.

8. The Court erroneously permitted Defendants' former counsel, Michael Gaier, Esquire to testify for Plaintiff and against Defendants, in the absence of Defendant Stacie Tarboro. After the Transcript of the hearing, held on April 18, 2013, in Court Room 675 City Hall, Philadelphia, Pennsylvania, was read to Defendant, Stacie Tarboro, she believes that her former counsel, Michael Gaier, Esquire, in his testimony in Court on that day, made some serious misrepresentation of facts, that if present, that she would have successfully refuted, and would have swayed the Court to Deny Plaintiff's motion.

9. Defendant, Stacie Tarboro, believes that her former counsel, Michael Gaier, Esquire, in his testimony at the hearing in Court on April 18, 2013, divulged some confidential information about defendants without their waiver, thereby breaching attorney/client

confidentiality rule.

10. The hearing on Plaintiff's Motion to Enforce Settlement, held on April 18, 2013, ended at about 10:30 A.M., with Judge Tucker stating that he will take the matter under advisement. However, at 10:40 A.M., when Defendant, Stacie Tarboro walked into the Courtroom, she was handed a copy of the Order Granting Plaintiff's Motion to Enforce Settlement.

11. Since Judge Tucker did not wait for Defendant, Stacie Tarboro to arrive in Court before her former counsel was permitted to testify as a witness for Plaintiff, Judge Tucker, should have at least taken the matter under advisement, by reading Stacie Tarboro's Affidavit, contained in her answer to Plaintiff's Motion to Enforce Settlement. The rapidity with which Judge Tucker entered the Order (within 10 minutes after the hearing ended) shows that Stacie Tarboro's Affidavit was not read by the Court before decision was rendered.

1925(b) statement (06/08/2013). A discussion ensues:

## II. LEGAL ANALYSIS

A. Appellants failed to comply with Pa.R.A.P. 1925(b); therefore all claims on appeal are waived.

It is well settled that when the trial court orders an appellant to submit a 1925(b) statement, it is a crucial component of the appellate process. *Commonwealth v. Lord*, 553 Pa. 415, 417 (1998). Pa.R.A.P. 1925(b) requires that the statement of issues complained of shall be concise and set forth only those rulings or errors that appellant intends to challenge. Pa.R.A.P. 1925(b)(4)(i). Issues not

raised in accordance with the provisions of Pa.R.A.P. 1925(b) are waived. Pa.R.A.P. 1925(b)(4)(vii). The issues raised in the 1925(b) Statement must be "non-redundant" and "non-frivolous." Pa.R.A.P. 1925(b)(4)(iv). Here, appellants submitted an eleven (11) paragraph 1925(b) statement essentially claiming that the court, somehow committed errors while presiding over the previously scheduled time certain rule returnable. 1925(b) statement (05/23/2013). For example, apparently the court ruled on appellants' motion for reconsideration *too quickly. Id.* Such claims are frivolous. Indeed, appellants' 1925(b) statement is a play-by-play of everything appellants did not like about the rule returnable hearing. *Id.* Furthermore, appellants did not claim that the court erred on ruling in the underlying motions to enforce settlement. *Id.* Therefore, any issue with underlying ruling on the motion to enforce settlement is waived. For these reasons, the court recommends that this appeal be dismissed.

B. Nevertheless, the court did not err in presiding over the rule returnable for the motions to enforce settlement.

The court will respond to appellants' allegations of error in turn, combining and summarizing issues to aid in ease of disposition:

1. The court's Pa.R.C.P. 236 notice did not specify that Ms. Tarboro needed to be present at the rule returnable hearing; did the court deny Ms. Tarboro her constitutional right of notice and opportunity to be heard?

Philadelphia County courts are governed by the Philadelphia County Court Rules and the Pennsylvania Rules of Civil Procedure. Pursuant to these rules, the court

may electronically serve notice of the entry of orders or judgments. Pa.R.C.P. 205.4; Pa.R.C.P. 236; Phila. Civ. R. *205.4. *Rule 236* states in relevant part:

> (d) The prothonotary may give the notice required by subdivision (a) or notice of other matters by facsimile transmission or other electronic means if the party to whom the notice is to be given or the party's attorney has filed a written request for such method of notification or has included a facsimile or other electronic address on a prior legal paper filed in the action.

Pa.R.C.P. 236(d). The purpose of Rule 236 is to give notice to litigants of the entry of an order or judgment. *Id.* In addition, it is axiomatic that service upon counsel for a represented party is service upon the party. Pa.R.C.P. 440.

Here, appellants claim that the *Rule 236* order of April 2, 2013 did not specify that Ms. Tarboro should appear at the rule returnable hearing. First, the court did not send out the April 2, 2013 *Rule 236* notice; the prothonotary electronically sent appellants' counsel notice pursuant to the Philadelphia and Commonwealth Rules of Civil Procedure. Notice under Rule 236 (04/02/2013). The *Rule 236* notice is standardized. Second, the April 2, 2013 *Rule 236* notice was actually notice of the court's previously scheduled March 27, 2013 rule to show cause order. The rule to show cause order specified the date, time certain, location and subject matter of the Rule. Rule issued (04/02/2013). Third, the record is clear that attorney Nduka expected Ms. Tarboro to be present at the rule hearing; she simply arrived too late. N.T. (04/18/2013) at 7, 19-21. To now claim on appeal that Ms. Tarboro was somehow not

notified of the rule hearing is disingenuous. Furthermore, counsel is allowed to proceed, as counsel desires, with the witnesses counsel desires.

Fourth, even though Ms. Tarboro was not present at the rule hearing, her due process rights were not violated because: 1) Attorney Nduka entered his appearance on behalf of appellants on January 9, 2013; 2) Attorney Nduka was served notice of the issuance of the rule via electronic *Rule 236* Notice; 3) Attorney Nduka appeared at and participated in the rule hearing. N.T. (04/18/2013).

Fifth, this court will not advise counsel how to prepare for and litigate their cases. Counsel is free to decide how to proceed, which usually involves a determination of whether or not witnesses need to be called in order to obtain the relief counsel seeks. It was not incumbent upon the court here to specify which witnesses were to be present to dispose of a rule to show cause why a motion to enforce settlement should or should not be granted. Either Attorney Nduka didn't advise Ms. Tarboro that her testimony was necessary, or she simply arrived too late. Either way, no error can be ascribed to the court for these occurrences.

2. The court's Pa.R.C.P. 236 notice did not specify that appellants' former counsel, Attorney Gaier, would be called as a witness by opposing counsel; therefore, did the court fail to put appellants' on notice of Attorney Gaier's testimony?

The court incorporates the reasoning above in response to this "allegation" of error. The court does not control which witnesses are called, neither for plaintiff nor for

defendant. Again, the *Rule 236* notice is standardized and counsel is free to litigate their cases and motions however they see fit. The court does not err when counsel is caught off guard by opposing counsel. This claim is without merit.

3. The rule returnable hearing commenced promptly at the scheduled time and place. Ms. Tarboro was not present when former counsel Attorney Gaier was called to testify; therefore, did the court err in allowing Attorney Gaier to testify in the absence of Ms. Tarboro?

The court is responsible for presiding over its courtroom in a manner to provide the efficient administration of justice. This court presides over civil motions court; the cases are listed for hearing every other week and are called according to the hearing list. Most litigants arrive early and check in with the court officer. To the extent that a party is not ready to proceed when called, it is within the court's discretion to dismiss the matter outright, on its own motion. Pa.R.C.P. 218 ("Party Not Ready When Case is Called for Trial"). Where the defendant in not ready when the case is called, the plaintiff may proceed. *Id.* Lastly, "the person seeking the order applied for shall argue first...." Pa.R.C.P. 211("Oral Arguments").

Here, the appellee-initiated rule was returnable at 10:00 A.M. on April 18, 2013. First, the matter was called at or around 10:15 A.M. N.T. (04/18/2013) at 7, 20. The record is clear that appellants, defendants in this matter, were not ready to proceed when the case was called. *Id.* at 7-10. Therefore, the court allowed appellee, the plaintiff, to move forward with the disposition of the rule. *Id.* This is proper; the petitioner puts on its case first. The respondent

follows.

Second, although Ms. Tarboro was not present in the courtroom when Attorney Gaier testified, it was not court error to proceed. Ms. Tarboro was represented by counsel; there is no rule of court or civil procedure that states that the court must halt proceedings until the party arrives. Third, the record is clear that appellant's counsel, Attorney Nduka did not raise an objection to the testimony of Attorney Gaier, presumably because he thought Ms. Tarboro would arrive before the conclusion of the hearing. N.T. (04/18/2013) at 10. Testimony received without objection is waived. To the extent that Appellants claim that Attorney Gaier was allowed to testify over their objection, the record speaks for itself; there is no objection of record. *Id.*

Fourth, and last, the court's practice is to administer justice in an efficient and fair manner. Had appellants requested more time at the beginning of the hearing, the court would have heard other cases and recalled the instant case. N.T. (04/08/2013). The court's policy is not to proceed in a "got-cha" manner aimed at being harsh to litigants. However, the court will not litigate on behalf of parties, and expects counsel to conduct themselves in a professional manner.[2] The record supports the court's observation that Attorney Nduka may have been unprepared in respect to the necessity of Ms. Tarboro's testify to refute that of former counsel Attorney Gaier.

_____

2. This policy goes for both sides. The court ordered appellee's counsel in this matter to refrain from seeking to engage the court and court staff in ex parte communications. Order entered by J. Tucker (04/30/2013).

N.T. (04/08/2013). There's no other reason to claim court error for not notifying appellants that Attorney Gaier would testify. This claim is without merit.

4. Did the court err in allowing appellant's former counsel Attorney Gaier to testify about the circumstances of the settlement agreement, even though Attorney Nduka did not formally object to the questions put forth to Attorney Gaier?

It is well settled that where a party fails to object to evidence, the party waives any claims to error on the admission of evidence on appeal. *Hong v. Pelagatti*, 765 A.2d 1117, 1123 (Pa. Super. 2000). Here, despite averments to the contrary, Appellants did not object to Attorney Gaier's testimony. There is no ruling on the record regarding Attorney Gaier's testimony. Instead, appellee questioned Attorney Gaier and then appellants, through counsel Attorney Nduka, cross-examined Attorney Gaier about the circumstances leading up to the settlement agreement. N.T. (04/18/2013) at 9-10; 16-19. The court found Attorney Gaier's testimony to be credible. The claim that the court somehow erred in allowing Attorney Gaier to testify is without merit; Appellants waived any such error by not objecting to the testimony.

5. Did the court err in allowing Attorney Gaier to testify to matters allegedly protected by the attorney-client privilege?

In regard to settlement agreements, it is well settled that "[t]he enforceability of settlement agreements is determined according to principles of contract law." *Ragnar Benson, Inc. v. Hempfield Tp. Mun. Authority*, 916 A.2d

1183, 1188 (Pa. Super. 2007), citing *Kramer v. Schaeffer*, 751 A.2d 241, 245 (Pa. Super. 2000). Furthermore," '[w]here the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement.... [U]nless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.'" *Id.* (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.,* .854 A.2d 425 (Pa. 2004). It follows, where fraud is averred, as here, the writing does not constitute the agreement between the parties and parol evidence is allowed.

In regard to attorney-client privilege, pursuant to the Pennsylvania Rules of Professional Conduct governing the confidentiality of information:

(a) A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

(b) A lawyer shall reveal such information if necessary to comply with the duties stated in Rule 3:3. ["Candor Toward the Tribunal"]

\*\*\*

(c) A lawyer may reveal such information to the extent that the lawyer reasonably believes necessary:

(4) to establish a claim or defense on behalf of the lawyer

542

in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or *to respond to allegations in any proceeding concerning the lawyer's representation of the client*;

Pa. Rules of Prof. Conduct 1.6 (commenting at [5] that "a lawyer has duties of disclosure to a tribunal under Rule 3.3(a) that may entail disclosure of information related to the representation")(emphasis added). At the same time, "[i]n a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." 42 Pa. C.S. §5928.

To start, the record is clear that appellants do not contest the fact that they entered into a settlement agreement. To be clear, appellants, in their own motion for reconsideration, essentially asked the court to rescind the settlement agreement by granting appellants leave to return the fifteen thousand dollar ($15,000.00) check. Mot. for reconsideration (04/25/2013). Instead, appellants are claiming fraud, specifically that they were defrauded and duped into signing the contested settlement agreement by Attorney Gaier. Ans. (Mot/pet. filed (04/16/2013); N.T. (04/18/2013) at 6, 8, 16-19. Normally, the court would accept the terms to the settlement agreement as fully integrated; however, due to appellants' allegation of fraud, the court determined that the testimony of Attorney Gaier was necessary to resolve the motion to enforce settlement. N.T. (04/18/2013) at 6-10.

Second, in allowing testimony about the allegation of fraud, the court did not elicit, nor allow Attorney Gaier to breach the attorney-client privilege. N.T. (04/18/2013) at 10-11). Indeed, Attorney Gaier only testified to what he said in the deposition/settlement discussions and what happened between him and appellee's counsel. *Id.*

Third, the record is clear that Ms. Tarboro, Attorney Gaier and appellee's attorney were physically present, while Mr. Tarboro was present at some point in the discussion via phone. *Id.* at 10-15. To the extent that Attorney Gaier may have disclosed confidential information concerning the reasons why appellants were engaging in settlement discussions, confidentiality was waived by Ms. Tarboro's presence along with opposing counsel during the settlement negotiations.[3] The fact that Attorney Gaier testified as to what was said at settlement at the Rule hearing is not a breach of the attorney-client privilege.[4]

Fourth, Attorney Gaier testified at the rule hearing in response to allegations that he defrauded and duped Appellants, which is an exception to the rule of professional conduct governing confidential communication. Pa. Rules of Prof. Conduct 1.6 (c)(4). Ultimately, the court, sitting as the fact-finder, found Attorney Gaier credible and ruled in favor of appellees. Pa.R.C.P. 1038 ("Trial without Jury").

---

3. The court is not in any way making a determination that Attorney Gaier breached the attorney-client privilege.

4. The court notes that the settlement and release agreement contains a confidentially clause. Mot for reconsideration (03/25/2013). However, since fraud is asserted in this matter, and since appellee called Attorney Gaier to testify without objection, confidentially is waived.

6. The court concluded its rule returnable hearing in thirty minutes; ten minutes later, the court entered an order granting appellee's motion to enforce settlement and denying appellant's motion to enforce settlement. Did the court err in making its ruling too quickly?

Pursuant to the Pennsylvania Code of Judicial Conduct, "judges should dispose promptly of the business of the court." Pa. Code of Judicial Conduct Canon 3(A)(5). There is no prohibition against acting promptly, unless, perhaps where a court enters a ruling prior to calling the case for a scheduled hearing. Here, appellants claim that the court erred in issuing its ruling too quickly. Ms. Tarboro was not present when the rule hearing commenced; Ms. Tarboro was not present at the conclusion of the rule hearing, wherein the court stated it would take the matter "under advisement." N.T. (04/18/2013) at 6-7, 19. Ms. Tarboro showed up after the Rule hearing and after her counsel and all parties left City Hall. *Id.* at 19-21. Clearly, the court took the matter under advisement and issued its ruling on the underlying Motions to Enforce Settlement between the conclusion of the Rule hearing and Ms. Tarboro's arrival. *Id.* at 19; 1925(b) Statement. This court prepares for all of its hearings prior to the hearing date; the Court reviewed all documentation properly and timely submitted to the court. This includes Ms. Tarboro's five (5) page affidavit, filed two (2) days before the scheduled hearing. Ans. filed (04/16/2013). Simply put, the court took the motion to enforce settlement, the answer, affidavit and hearing into consideration in ruling on the motion to enforce settlement. There is no court error for making a swift determination.

## III. CONCLUSION

Appellants did not comply with Pa.R.A.P. 1925(b); therefore, their claims on appeal are waived. Second, the court notes that appellants did not raise any error in the actual disposition of the underlying motion; therefore, any claims of error related to the court's granting of appellee's motion to enforce settlement are waived. Third, to the extent that appellants' claim error in the manner in which the court presided over the attendant rule to show cause hearing on appellee's motion enforce settlement, these claims are without error. The court presided over a rule hearing where appellants claimed that their previous attorney committed fraud during settlement negotiations. The court took testimony as to the fraud allegations and ruled accordingly. The court's ruling should stand.