J-S31016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JESSE WHITE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CBS PITTSBURGH/KDKA AM, MARTY | : | No. 956 WDA 2016 |
| GRIFFIN AND DONALD ROESSLER | : | |

Appeal from the Order June 6, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s):  2015-2186

BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JUNE 06, 2017**

Appellant, Jesse White, appeals from the Order entered on June 6, 2016, in the Washington County Court of Common Pleas, sustaining the Preliminary Objections filed by CBS Pittsburgh/KDKA AM, Marty Griffin, and Donald Roessler ("Appellees").  After careful review, we affirm.

The trial court detailed the facts of this case based on its review of the pleadings, briefs, and argument, as follows:

> This matter comes as one of a multitude of defamation actions filed by [Appellant] based on statements made about him during his election campaigns in the 46[th] Legislative District.  In this case, [Appellant] asserts that [Appellee, Marty] Griffin is the host of a talk show titled "The Inside Story With Marty Griffin" on KDKA, and that leading up to the 2014 election, Griffin began making negative comments about [Appellant] on the show which he called the "ABJ Hour" ("ABJ" meaning "Anybody But Jesse"), during which Griffin would dedicate the time to making negative comments about [Appellant] and discouraging voters from re-electing [Appellant].

[Appellant] asserts that during this time, Griffin referred to [Appellant] as "borderline psychotic," and described some of [Appellant's] activities as "illegal." [Appellant] also asserts that Griffin made statements in Facebook posts claiming that [Appellant] had threatened his constituents, demanded Super Bowl tickets and flights on private jets from an oil and gas drilling company—Range Resources—and that [Appellant] was "under investigation" by a District Attorney's Office and the House Ethics Committee.

[Appellant] asserts that these statements are all false, and argues that because he had discussed the allegations with another KDKA reporter, and that because the reporter had informed [Appellant] that he had decided not to publish a story on some of those same subjects, that Griffin knew or should have known of the falsity of his statements. [Appellant] admits, however, that he had been "examined" by the Washington County District Attorney's Office prior to Griffin making the statements, and that he had "personally" been told that the investigation had ended. [Appellant] also asserts that [Appellee] Roessler posted "relevant portions" of Griffin's show on his YouTube page.

Trial Ct. Op. 6/7/16, at 2-3 (footnotes omitted).

On April 22, 2015, Appellant filed a Complaint raising claims of Defamation and Commercial Disparagement, and accusing Appellees of knowingly publishing false and defamatory statements. Appellee Roessler filed Preliminary Objections to the Complaint on August 11, 2015, and Appellees Griffin, KDKA, and CBS filed Preliminary Objections on September 2, 2015. Appellees challenged the legal sufficiency of Appellant's Complaint, and sought dismissal of all claims.

On November 18, 2015, Appellant filed an Amended Complaint alleging the same causes of action. Appellees again filed Preliminary

Objections on December 2, 2015, and December 23, 2015. Appellant filed an Answer to the Preliminary Objections on January 27, 2016.

On June 6, 2016, following the submission of Briefs and oral argument, the trial court sustained Appellees' Preliminary Objections and dismissed Appellant's Complaint as legally insufficient. This appeal followed.

On August 3, 2016, the trial court entered an Order directing Appellant to file a Pa.R.A.P. 1925(b) Statement of the Matters Complained of on Appeal. The court's Order indicated that "[a]ny issue not properly in the Appellant's Statement[,]or [the] failure to file Appellant's Statement of Record and to service a copy on the undersigned[,] shall be deemed a waiver of those issues." Trial Ct. Order, 8/3/16.

On January 12, 2017, the trial court filed an Opinion in which it noted that, as of that date, Appellant had not filed a Pa.R.A.P. 1925(b) Statement.

Pa.R.A.P. 1925(b)(4)(vii) makes clear that "[i]ssues not included in the Statement, and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Moreover, it is well-settled that "…in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) [S]tatement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998).

In the instant matter, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement, but Appellant failed to do so. Accordingly, Appellant's issues on appeal are waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2017