J-S81034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON J. NOBLE, | |
| Appellant | No. 986 MDA 2017 |

Appeal from the Judgment of Sentence November 29, 2016
in the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0001777-2014

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:　　　　　**FILED MARCH 08, 2018**

Appellant, Brandon J. Noble, appeals from the judgment of sentence imposed following his entry of a guilty plea to one count of involuntary deviate sexual intercourse (IDSI).  We remand for correction of the record and preparation of a supplemental trial court opinion.

This case stems from Appellant's unlawful sexual contact with the victim, J.G., over a one year-long period, while she was twelve and thirteen years old.  On December 30, 2014, Appellant pleaded guilty to one count of IDSI.[1]  On December 16, 2015, he filed a motion to withdraw his plea, which

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] As discussed **infra**, it is unclear whether Appellant pleaded guilty to IDSI under 18 Pa.C.S.A. § 3123(a)(7) (complainant less than sixteen years of age; offender four or more years older and not married to complainant) or § 3123(b) (complainant less than thirteen years of age).

the trial court denied. On November 29, 2016, the court determined that Appellant is a sexually violent predator. It sentenced him to a term of not less than seventy-eight nor more than 160 months' incarceration, followed by eighty months of probation. Appellant's motion for reconsideration of sentence was denied by operation of law on May 22, 2017. Appellant timely appealed, and filed a timely concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). The court filed an opinion on September 6, 2017. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises issues challenging his plea and sentence, and, significant to our disposition, argues that the court sentenced him in accordance with the incorrect section of the IDSI statute (section 3123(b), instead of 3123(a)(7)), which negatively impacted his offense gravity score (OGS). (*See* Appellant's Brief, at 5, 24-26). Because the trial court has submitted to this Court an inadequate Rule 1925(a) opinion and a certified record with numerous inconsistences, we are constrained to remand.

We begin by emphasizing that the absence of an adequate trial court opinion poses a substantial impediment to meaningful and effective appellate review. *See Commonwealth v. Woosnam*, 819 A.2d 1198, 1203–04 (Pa. Super. 2003); *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998).

Here, from the record before us, it is impossible to discern with certainty the specific section of the IDSI statute pursuant to which Appellant pleaded guilty and was sentenced. Although the written guilty plea colloquy states that Appellant pleaded guilty to section 3123(a), the elements listed directly

correspond to section 3123(b).  (*See* Guilty Plea Colloquy, 12/30/14, at 1, 3).

The docket and several documents in the record, including the sentencing

order, indicate that Appellant pleaded guilty and was sentenced pursuant to

section 3123(b).  (*See* Criminal Docket, at 4; Order of Sentence, 11/29/16;

Guideline Sentence Form, (date illegible), at 1 (listing OGS of 14); Department

of Corrections Commitment Form, 12/07/16, at 1, 3).  However, other record

documents indicate that the applicable section is 3123(a)(7).  (*See* Order

Denying Motion to Withdraw Guilty Plea, 11/08/16, at 3; Order of Sexual

Offender's Board Assessment, 1/05/15).

The trial court's Rule 1925(a) opinion is likewise inconsistent.

Specifically, it first states that Appellant pleaded guilty to one count of IDSI

at section 3123(b).  (*See* Trial Court Opinion, 9/06/17, at 2).  It then

contradictorily explains that: "the written Guilty Plea Colloquy reflects that the

plea entered by [Appellant] and accepted by the [c]ourt was to one (1) count

of IDSI under 18 Pa.C.S.A. § 3123(a)(7) with an OGS of 12."  (*Id.* at 19)

(citing the Guilty Plea Colloquy).  Although the court acknowledged that the

docket reflects the plea was to section 3123(b), it characterized this as a

clerical error to be corrected following this appeal.  (*See id.*).

Under these circumstances, where both the trial court's Rule 1925(a)

opinion and the written guilty plea colloquy on which it relies are internally

inconsistent with regard to the relevant offense, we have concluded that the

best disposition is to remand for correction of the record and preparation of a

supplemental Rule 1925(a) opinion.  Upon remand, the court may, if it deems

necessary, conduct further proceedings to aid it in carrying out these directives.

Case remanded with instructions.  Panel jurisdiction is retained.