J-S19011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ALEXANDER BEERS, V | : | |
| | : | |
| Appellant | : | No. 1502 MDA 2023 |

Appeal from the PCRA Order Entered September 28, 2023
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000081-2018

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.*

MEMORANDUM BY DUBOW, J.:        **FILED: JULY 24, 2024**

Appellant, John Alexander Beers, V., appeals from the September 28, 2023 order entered in the Mifflin County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  Appellant raises a claim of ineffective assistance of counsel.  After careful review, we affirm.

**A.**

A prior panel of this Court set forth a detailed recitation of the facts underlying Appellant's convictions. ***See Commonwealth v. Beers***, 2021 WL 1549770 at *1-*2 (Pa. Super. Apr. 20, 2021) (unpublished memorandum). For purposes of this appeal, we provide the following background.

---

* Retired Senior Judge assigned to the Superior Court.

The Commonwealth charged Appellant with Contraband and Possession of a Controlled Substance Contraband by Inmate Prohibited[1] based on allegations that he distributed pills that had been smuggled into the prison by another inmate, Gabriel Specht, to other inmates, including Cole Smith. Appellant proceeded to a jury trial on November 15, 2018, represented by court-appointed counsel, Scott N. Pletcher, Esq. Immediately prior to the commencement of trial, Appellant requested new counsel, citing Attorney Pletcher's unpreparedness. The court denied the request.

At trial, several witnesses testified for the Commonwealth, including Mr. Specht and Mr. Smith. Both Mr. Specht and Mr. Smith testified that they were inmates, they were also facing charges related to this incident, and they were cooperating with the Commonwealth. The Commonwealth also played a video recorded by the prison's video surveillance system of an interaction between Mr. Specht and Appellant.

The jury convicted Appellant of the above charges. On January 10, 2019, the trial court sentenced Appellant to an aggregate term of 30 months to 120 months of incarceration.

Following reinstatement of his direct appeal rights *nunc pro tunc*, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on November 30, 2021. **Beers**, 2021 WL 1549770 (Pa. Super. 2021), *appeal denied*, 268 A.3d 373 (Pa. 2021).

---

[1] 18 Pa.C.S. § 5123(a) and (a.2), respectively.

Appellant's judgment of sentence, thus, became final on February 28, 2022. *See* Sup. Ct. R. 13 (allowing 90 days to file Petition for Writ of Certiorari to the United States Supreme Court).

Appellant *pro se* filed a timely PCRA petition on April 18, 2022, alleging, *inter alia*, ineffective assistance of counsel ("IAC"). The PCRA court appointed counsel, who filed an amended petition on October 21, 2022.[2] In his amended petition, Appellant alleged that Attorney Pletcher failed to cross-examine the Commonwealth's witnesses to establish that they were not credible or were biased because they received better treatment for testifying and did not impeach Mr. Smith and Mr. Specht with their prior *crimen falsi* convictions. He also alleged that Attorney Pletcher provided ineffective assistance by failing to request a jury instruction on constructive possession. Amended PCRA Petition, 10/21/22, at ¶¶ 7-9.

The PCRA court held a hearing on July 6, 2023. Attorney Pletcher testified that the defense theory was to challenge the credibility of Mr. Specht and Mr. Smith, as they were the only witnesses who testified that Appellant possessed controlled substances. Attorney Pletcher stated that the Commonwealth had asked both Mr. Specht and Mr. Smith whether they were cooperating with the Commonwealth, so he decided that he did not "need to revisit the same thing" and did not cross-examine either witness about their cooperation or about the penalties either witness faced for their roles in the

_____

[2] On August 5, 2022, Appellant filed a *pro se* motion for new counsel, but his PCRA counsel remained on this case.

crime. N.T. PCRA Hr'g, 7/6/23, at 16, 18. Attorney Pletcher also testified that he did not ask the Commonwealth whether Mr. Specht and Mr. Smith received anything in exchange for their testimony but agreed that any potential deal was something that the jury "could have considered" when determining credibility. *Id.* at 23. Attorney Pletcher also testified on cross-examination that he had questioned Mr. Specht about how he had ingested the vial of pills, and then argued the incredulity of that testimony in his closing argument to the jury. *Id.* at 25. He also explained that the video was "very powerful" independent corroborating evidence but acknowledged that the video had no audio and showed only the exchange of paper, not pills. *Id.* at 30-31.

Appellant testified that he told Attorney Pletcher to ask Mr. Specht and Mr. Smith on cross-examination if the Commonwealth had offered them a deal, but he did not put forth any evidence of a deal. *Id.* at 42.

On September 28, 2023, the PCRA court issued an Opinion and Order denying Appellant's petition.

**B.**

This timely appeal followed. Appellant filed a Pa.R.A.P. 1925(b) Statement. In response, the PCRA court filed a Statement in Compliance with Pa.R.A.P. 1925 referring this Court to its September 28, 2023 Opinion and Order.

Appellant raises the following issue for our review:

> Whether the Trial Court erred in denying Appellant's [PCRA] Petition by determining that trial counsel was effective, despite the testimony by trial counsel of the failure to cross-examine the [g]overnment witnesses with respect to bias or prejudice.

- 4 -

Appellant's Br. at 5.

### C.

Before we address the merits of Appellant's IAC claim, we must determine whether he preserved it for our review. Appellant argues that Attorney Pletcher was ineffective for failing to cross-examine the Commonwealth's witnesses regarding whether they received favorable treatment from the Commonwealth. *Id.* at 5, 13-15. However, in his Rule 1925(b) Statement, Appellant only raises one claim,

> Whether the trial court erred in concluding that trial counsel's failure to investigate and introduce *crimen falsi* evidence of a Commonwealth witness was not tantamount to ineffective assistance of counsel.

Rule 1925(b) Statement, 11/21/23, at 1 (unpaginated). Appellant has failed to raise the IAC claim upon which he now bases his argument in his Statement of Errors as required by Pa.R.A.P. 1925 and thus, he has waived this claim. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement ... are waived.); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (setting bright-line rule requiring strict compliance with Rule 1925(b) requirements).

Moreover, Appellant also argues that Attorney Pletcher was ineffective for failing to show the Commonwealth's video to Appellant prior to trial, failing to discuss areas of "potential cross-examination" or Appellant's right to testify, and failing to cross-examine the witnesses regarding their prior criminal records. Appellant's Br. at 13. These issues are not stated in Appellant's Statement of Questions involved and are not "fairly suggested thereby" as

required by Pa.R.A.P. 2116. **See** Appellant's Br. at 5 (asserting counsel's ineffectiveness for failing to cross-examine Mr. Specht and Mr. Smith "with respect to bias or prejudice."); Pa.R.A.P. 2116(a) (providing "[n]o question will be considered unless it is stated in the statement of questions involved **or is fairly suggested thereby**"). Moreover, Appellant has not developed his bald assertions that Attorney Pletcher was ineffective for failing to show the video to Appellant prior to trial and discuss areas of cross-examination and Appellant's right to testify with citation to relevant authority as required by Pa.R.A.P. 2119. Pa.R.A.P. 2119(a)-(b). Accordingly, Appellant has also waived these arguments.

Because the issue Appellant raises on appeal was not raised in his Rule 1925(b) statement, it is waived. Moreover, his remaining arguments are waived for failure to include them in his Statement of Questions Presented and develop them according to our Rules of Appellate Procedure. We, thus, affirm.

Order affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2024