J-S48038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEMAR ALLEN CLAIBORNE, | : | |
| | : | |
| Appellant | : | No. 35 WDA 2016 |

Appeal from the Judgment of Sentence December 2, 2015
in the Court of Common Pleas of Mercer County,
Criminal Division, No(s): CP-43-CR-0000697-2015

BEFORE: BOWES, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 13, 2016**

Demar Allen Claiborne ("Claiborne") appeals from the judgment of sentence imposed following his conviction of several counts of possession of narcotics, possession of drug paraphernalia, and possession with intent to deliver narcotics.[1]  We affirm.

The trial court set forth the relevant factual and procedural history as follows:

> An arrest warrant was issued for [Claiborne] for drug trafficking that occurred during the spring and summer of 2014. On April 17, 2015, Officer Erick Gatewood ["Officer Gatewood"] of the Mercer County Drug Task Force went to the residence of 713 Darr Avenue in Farrell, Pennsylvania for purposes of executing the arrest warrant.  [Officer Gatewood had] received information that [Claiborne] was staying there.   Officer Gatewood knocked on the door to that residence and [Claiborne] opened the inner door.  The screen door remained closed. Officer Gatewood recognized [Claiborne] as the individual that they were there to arrest.  Officer Gatewood directed [Claiborne] to come outside.  [Claiborne] did nothing.  Officer Gatewood

---

[1] **See** 35 Pa.C.S.A. §§ 780-113(a)(16), (32), (30).

opened the screen door, put his foot inside the residence, and grabbed and pulled [Claiborne] into the threshold and arrested him. At some point following [Claiborne's] arrest, and because of circumstances unknown, [Claiborne] indicated that he had been smoking a blunt in the residence the night before. While Officer Gatewood was arresting [Claiborne], [Officer Gatewood] noticed an odor of marijuana coming from the residence. A female was observed in the residence. She was instructed to leave the residence, and did so. The officers did a protective sweep of the residence to determine whether any other persons were there. The protective search lasted between 2 and 4 minutes. While doing that search, they saw evidence of a burnt marijuana cigarette in an ashtray in the living room. A search warrant was issued at 2:40 p.m.[on] that date. The initial entry into the residence was at 1:35 p.m.[on] that date. Pursuant to the issued search warrant, the officers conducted a second search and found various forms of contraband throughout the residence.

[Claiborne] filed an Omnibus Pre-Trial Motion for Relief on July 20, 2015, seeking to exclude evidence of the burnt marijuana joint in the house. On September 9, 2015, the [trial court] held a hearing regarding [Claiborne's] [M]otion. That date, [the trial court] issued Findings of Fact and Conclusions of law from the bench, and ruled that the statement made by [Claiborne] regarding smoking a blunt must be suppressed and stricken from the search warrant because the Commonwealth failed to meet its burden of production regarding [the] circumstances of the statement being made. [The trial court] further ruled that when the statement is removed from the search warrant, there is still sufficient evidence for the issuance of the search warrant. Finally, [the trial court] held that[,] given the generality that there was an odor of marijuana coming from the residence, the search of the entire residence was lawful. After a jury trial, [Claiborne] was found guilty of numerous [p]ossession [w]ith intent to [d]eliver crimes, and was sentenced by th[e trial] court to an aggregate term of 32 to 72 months of incarceration. [Claiborne] filed a Motion to Modify Sentence, which was denied by [the trial c]ourt. [Claiborne] timely filed a Notice of Appeal.

Trial Court Opinion, 2/17/16, at 2-3 (numbering and paragraphs omitted).

On appeal, Claiborne raises the following question for our review:

> Did the trial court commit an error of law in denying []
> Claiborne's Motion to Suppress Evidence where [] Claiborne's
> house was searched pursuant to a search warrant based on the
> police smelling marijuana in the house, seeing a suspected
> marijuana cigarette in the house, and an arrest warrant for drug
> trafficking that allegedly occurred almost 12 months before the
> challenged house search?

Brief for Appellant at 5 (some capitalization omitted).

Claiborne contends that, after the trial court suppressed his statement that he had been smoking a marijuana cigarette in the house, the remaining bases for the issuance of the search warrant were reduced to allegations that the police (1) had been at the house to serve an arrest warrant on Claiborne for drug trafficking; (2) smelled an odor of marijuana in the house; and (3) saw a burnt marijuana cigarette in an ashtray in the living room. *Id*. at 11. Claiborne claims that these allegations did not provide sufficient information to the issuing authority to conclude that there were additional drugs or contraband within the house. *Id*. at 12. Claiborne argues that the trial court failed to cite any case holding that the odor of marijuana and the presence of a burnt marijuana cigarette are sufficient facts to establish probable cause to justify the issuance of a search warrant

for the house. *Id*. at 13.[2]

Claiborne further contends that the trial court's reliance on *Commonwealth v. Dean*, 940 A.2d 514, 521 (Pa. Super. 2008) is misplaced, as the language in *Dean* "is from an opinion determining whether a search warrant was issued in conformity with the Fourth Amendment." Brief for Appellant at 13. Claiborne asserts that his challenge to the search warrant is based not only on the Fourth Amendment to the United States Constitution, but also on Article 1, Section 8 of the Pennsylvania Constitution,[3] which, Claiborne claims, provides greater protection than the Fourth Amendment. *Id*.

Our standard of review of an order denying a motion to suppress evidence is limited to determining whether the findings of fact are supported by the record and whether the legal conclusions drawn from those facts are

---

[2] Claiborne also asserts that the allegations of drug trafficking in the search warrant constituted "stale information," as they related to events which occurred nearly one year prior to the search. Brief for Appellant at 11. However, this issue was not raised in Claiborne's Concise Statement of Issues Complained of on Appeal. Accordingly, Claiborne failed to preserve it for our review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (stating that, if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived).

[3] The Fourth Amendment of the United States Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ...." U.S. Const. Amend. IV. Likewise, Article I, Section 8 of the Pennsylvania Constitution states, "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures ...." Pa. Const. Art. I, § 8.

J-S48038-16

in error. ***See Commonwealth v. Freeman***, 128 A.3d 1231, 1240 (Pa. Super. 2015). In making this determination, this Court may only consider the evidence of the Commonwealth's witnesses, and so much of the witnesses for the defendant, as fairly read in the context of the record as a whole, which remains uncontradicted. ***Id***. If the evidence supports the findings of the trial court, we are bound by such findings and may reverse only if the legal conclusions drawn therefrom are erroneous. ***Id***.

Here, the record reveals that, when police officers were arresting Claiborne at the front door of his residence, they detected an odor of marijuana.[4] ***See*** N.T. (suppression hearing), 9/9/15, at 19, 30. Where an officer is lawfully present at a particular location, detection of an odor of marijuana constitutes sufficient probable cause to obtain a search warrant. ***See Commonwealth v. Johnson***, 68 A.3d 930, 936 (Pa. Super. 2013); ***see also Commonwealth v. Waddell***, 61 A.3d 196, 215 (Pa. Super. 2012) (stating that "[o]nce the odor of marijuana was detected emanating from the residence, the threshold necessary to establish probable cause to obtain a search warrant was met..."). Because the odor of marijuana, alone, provided a sufficient basis for issuance of the search warrant, the trial court did not err in denying Claiborne's Motion to suppress the evidence. ***See Johnson, supra.***

---

[4] The arrest warrant was based on several deliveries of narcotics. ***See*** N.T. (suppression hearing), 9/9/15, at 19.

- 5 -

Moreover, the police officers' subsequent observance of the burnt marijuana cigarette, made while they were conducting a protective sweep of the residence, also provided a sufficient basis for issuance of the search warrant.

While a search is generally not reasonable unless executed pursuant to a warrant, the Supreme Court of the United States and the Pennsylvania Supreme Court have recognized exceptions to the warrant requirement. *See Commonwealth v. Taylor*, 771 A.2d 1261, 1266 (Pa. 2001) (stating that "[n]ot every search must be conducted pursuant to a warrant"). One well-recognized exception to the warrant requirement is the protective sweep. *See id*. at 1267. A protective sweep is "a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). *Buie* set forth two levels of protective sweeps:

> As an incident to the arrest the officers could, as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched. Beyond that, however, we hold that there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene.

*Id*. at 334.[5]

---

[5] This Court has adopted the *Buie* test for determining whether a protective sweep is constitutional under Article I, Section 8 of the Pennsylvania Constitution. *See Commonwealth v. Crouse*, 729 A.2d 588, 598 (Pa. Super. 1999) (stating that "we see no compelling reason to deviate from the

"Pursuant to the first level of a protective sweep, without a showing of even reasonable suspicion, police officers may make cursory visual inspections of spaces immediately adjacent to the arrest scene, which could conceal an assailant." *Taylor*, 771 A.2d at 1267 (noting that "[w]e have recognized the exigency created by the existence of hidden third parties during an arrest."). The scope of the second level permits a search for attackers further away from the place of arrest, provided that the officer who conducted the sweep can articulate specific facts to justify a reasonable fear for the safety of himself and others. *Id*. To decide whether the facts justified a protective sweep, this Court must consider all of the facts objectively and from the position of the reasonably prudent police officer. *Id*. at 1267.

Here, because the sweep extended beyond the area within the immediate vicinity of the arrest, there must be "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id*. at 1267-68 (citing *Buie*, 494 U.S. at 334). Our review of the record discloses that when police officers, in attempting to arrest Claiborne, instructed him to exit the residence, he refused to do so. *See* N.T. (suppression hearing), 9/9/15, at

---

*Buie* analysis to provide greater rights in this context at the expense of the safety of our state law enforcement personnel.").

19, 27. Additionally, as police officers were arresting Claiborne, they observed a female inside the residence. *See id*. at 29. The police officers asked the female to exit the residence, and thereafter conducted a brief protective sweep of the residence to make sure there were no other persons in the residence. *See id*. at 29, 31; *see also id*. at 34 (wherein Officer Gatewood testified that the protective sweep lasted more than two minutes but less than four minutes).

These specific and articulable facts, "when taken together with the rational inferences from those facts," would support the police officers' reasonable concerns for their safety. *Taylor*, 771 A.2d at 1268. Accordingly, we conclude that the police carried out a proper protective sweep. Accordingly, the trial court did not err in denying Claiborne's Motion to suppress evidence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016

- 8 -