J-S09043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES W. STEELE | : | |
| | : | |
| Appellant | : | No. 873 WDA 2022 |

Appeal from the PCRA Order Entered June 30, 2022
In the Court of Common Pleas of Elk County
Criminal Division at No(s): CP-24-CR-0000139-2016

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: July 25, 2023**

Charles W. Steele ("Steele") appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant factual and procedural history can be summarized as follows.  In 2016, police charged Steele with numerous offenses in relation to his sexual abuse of E.S., an eight-year-old female child.  In August 2018, Steele's first trial resulted in a mistrial.  Thereafter, Steele's private counsel petitioned to withdraw from representation, and the petition was granted without objection.

Prior to the start of Steele's second trial, jury selection was continued and rescheduled on numerous occasions from December 2018 to April 2019.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

As Steele was still unrepresented by counsel, jury selection was again continued and rescheduled to June 10, 2019.

On May 30, 2019, Steele completed a written questionnaire regarding his decision to waive counsel.[2]  Therein, Steele indicated that he did not understand seven of the questions posed to him.  **See** Questionnaire, 5/30/19, at unnumbered 1-3.  Specifically, Steele indicated that he did not understand that: (1) if he waived his right to be represented by an attorney, he would still be required to follow the Rules of Criminal Procedure; (2) there may be defenses to the charges against him that he may not be aware of, but an attorney would be; (3) if these defenses are not raised at trial they may be permanently lost; (4) if his rights are not asserted within the time required under the law, he may lose those rights; (5) if errors occur and are not timely objected to or raised by him, those errors may be permanently lost; (6) he would not be able to argue that he was improperly convicted because of the ineffectiveness of counsel for any proceeding in which he represented himself; (7) and he was voluntarily giving up his right to be represented by counsel.

The following day, the trial court conducted an on-the-record colloquy during which Steele affirmatively represented to the trial court that he understood that, if he were to waive his right to counsel and proceed *pro se*: (1) he would "be bound by all the normal Rules of Criminal Procedure;" (2)

---

[2] Steele dated his signature on the questionnaire as May 31, 2019; however, the completed questionnaire was filed on May 30, 2019.

"there may be possible defenses to the charges that an attorney is again going to be more likely to be able to identify and address than someone who is not trained in the law;" (3) "that if those defenses are not asserted in a timely fashion, they may be lost permanently;" (4) "there are a number of criminal defenses that could be asserted, and if they are not timely asserted . . . can be lost permanently;" (5) "there are other rights that, if not timely raised, may be lost permanently." N.T., 5/31/19, at 5-7. The trial court then reviewed the questionnaire completed by Steele and noted that he had answered some of the questions in the negative. *Id*. at 7. The trial court explained that they had just gone over some of those questions, but nevertheless proceeded to separately discuss each question to which Steele had responded in the negative, and thereafter obtained additional affirmative responses from Steele indicating that he understood each question and the corresponding consequence of electing to proceed *pro se*. *Id*. at 7-11.

However, when the trial court asked Steele if he was voluntarily giving up his right to be represented by an attorney, Steele answered in the negative. *Id*. at 11. The trial court inquired what efforts Steele had made to secure counsel and Steele responded that he submitted an application to the public defender's office, but it was denied because his income was too high. *Id*. at 11. Steele further indicated that, during the past two years, he had been unemployed for ten months. *Id*. The court asked when the application was denied, and Steele explained that he submitted the application "when we first

went to trial." *Id*. at 12. The court went on to explain that, if there had been a material change in Steele's income or the assets available to him, he could reapply for representation from the public defender's office, noting that "[i]t's ongoing. . . . even if today you told me I'm going to go forward and represent myself, you have the ability tomorrow or at any time to either retain an attorney or seek appointment of counsel." *Id*. The trial court then advised Steele that, prior to jury selection on June 10, 2019, Steele would have the ability to either submit another application to the public defender's office to see if he was eligible, or he could hire his own counsel. *Id*. at 13. The court indicated that, if Steele continued to represent his own interests, the court would assign standby counsel for the upcoming jury selection. *Id*. at 14.

On June 10, 2019, the matter proceeded to jury selection at which Steele represented himself with standby counsel in attendance. Trial of the matter was scheduled for August 1 and 2, 2019.

On July 31, 2019, the day before trial was to begin, the trial court conducted another on-the-record colloquy regarding Steele's decision to represent himself. Steele confirmed his understanding that he had an absolute right to be represented by an attorney. *See* N.T., 7/31/19, at 4. The court indicated that it was "not aware that you made that application to the public defender's office." *Id*. Steele responded that he did, and that his application was denied. *Id*. The trial court then indicated that it was unaware whether Steele appealed that denial to the trial court to review his financial

resources to determine whether he may be eligible. *Id*. Steele confirmed that he had not done so but indicated that he did not know that he could do so. *Id*. The court then continued to colloquy Steele regarding the risks and consequences of proceeding *pro se*, and Steele affirmatively indicated on the record his understanding to each such risk and consequence. *Id*. at 4-10. Finally, the court inquired, "that's your intent to represent your own interests again with . . . standby counsel," and Steele responded, "[c]orrect." *Id*. at 10. Based on this colloquy, the court indicated that it "continues to find that . . . Steele's decision to represent himself is made knowingly, intelligently[,] and voluntarily and that he fully understands his right to counsel and has determined to represent his interests going forward." *Id*. at 11. Accordingly, the court granted Steele's request to proceed *pro se* and appointed standby trial counsel.

The matter proceeded to a jury trial at the conclusion of which the jury convicted Steele of five counts each of involuntary deviate sexual intercourse with a child less than thirteen years of age, aggravated indecent assault, aggravated indecent assault a child less than thirteen years of age, indecent assault of a child less than thirteen years of age, and corruption of minors. On December 2, 2019, the trial court sentenced Steele to an aggregate term of twenty to forty years in prison. Steele requested the appointment of appellate counsel, and the trial court appointed appellate counsel. On August 21, 2020, this Court affirmed the judgment of sentence, and Steele did not

seek further review by our Supreme Court. ***See Commonwealth v. Steele***, 240 A.3d 187 (Pa. Super. 2020) (unpublished memorandum).

On May 3, 2021, Steele filed a timely *pro se* PCRA petition. Steele then filed an amended *pro se* petition. The PCRA court appointed counsel who filed a second amended petition. On February 1, 2022, the PCRA court conducted a hearing at which the PCRA court noted, and all counsel agreed, that the sole issue raised in Steele's *pro se* petition, *pro se* amended petition, and counseled second amended petition was the July 31, 2019 exchange between Steele and the trial court regarding the appealability of the denial of Steele's application for representation from the public defender's office. ***See*** N.T., 2/1/22, at 3-4. At the hearing, the only exhibit that Steele sought to introduce was the transcript of the July 31, 2019 hearing. ***See id***. at 6. On June 30, 2022, the PCRA entered a memorandum opinion explaining why Steele's sole issue warranted no relief, as well as an order denying Steele's petition. Steele filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925. Notably, in his concise statement, Steele raised the following issue for our review:

> Whether the PCRA court erred in denying [Steele's] petition for [PCRA r]elief because [Steele] did not knowingly, voluntarily, nor intelligently waive his right to counsel at jury trial in this matter on August 1, 2019 and August 2, 2019[,] where [Steele's] waiver of counsel was predicated on his erroneous belief that the denial of his public defender application could not be appealed.

Concise Statement, 8/15/22.

However, in his appellate brief, Steele raises the following issue for our review:

> Whether the trial court erred in finding [Steele] made a clear and unequivocal waiver of counsel where [Steele] indicated he did not understand several of the consequences of waiving counsel in a May 30, 2019 questionnaire[,] and that lack of understanding was not cured by the court prior to requiring [Steele] to proceed to trial *pro se*?

Steele's Brief at 5 (unnecessary capitalization omitted).

Initially, we must determine whether Steele preserved his issue for our review. Our Supreme Court has ruled that when a trial court directs a defendant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), any issues not raised in that statement are waived. *See Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998); *see also* Pa.R.A.P. 1925(b)(3)(vii) (providing that "issues not included in the [s]tatement . . . are waived"); Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Here, the trial court ordered Steele to file a concise statement pursuant to Rule 1925(b). In his concise statement, Steele claimed that his decision to waive his right to counsel was not knowing and voluntary because he was unaware until the July 31, 2019 hearing that he could appeal to the trial court a decision by the public defender's office that his income was too high to qualify for the appointment of counsel. As that was the sole issue raised in the concise statement, that was the only issue addressed by the PCRA court

in its Rule 1925(a) opinion. **See** PCRA Court Opinion, 9/27/22, at 1-2.

Indeed, the PCRA court explained:

> The only error asserted on behalf of . . . Steele, is that the court erred in determining that Steele had knowingly, intelligently[,] and voluntarily waived his right to counsel. The purported error is predicated solely on the equivocal responses of Steele to the court's inquiries of him on July 31, 2019. . . ..
>
> In this case, Steele has not asserted any error in the court having addressed any of the six factors set forth in Pa.R.Crim.P. 121(A)(2). Rather, ***it is the change in his response to the court's inquiry on July 31, 2019 regarding the ability to challenge the denial of his public defender application on which the purported error is centered***.

PCRA Court Opinion, 9/27/22, at 1-2 (unnecessary capitalization omitted, emphasis added).

However, as indicated above, Steele raised an entirely different question for our review in his Statement of Questions Involved. **See** Steele's Brief at 5. Therein, he claimed that his decision to waive his right to counsel was not knowing and voluntary because he responded in the negative to several questions in the waiver of counsel questionnaire executed on May 30, 2019, and that the trial court's colloquy on May 31, 2019 was insufficient to overcome his negative answers in the written colloquy.

As the issue now presented for this Court's review—regarding the effect of Steele's negative responses in his written waiver of counsel colloquy—was not raised in Steele's concise statement, he failed to preserve it for our review.

*See Lord*, 719 A.2d at 308; *see also* Pa.R.A.P. 1925(b)(3)(vii); Pa.R.A.P. 302(a).  Accordingly, the issue is waived.[3]

        Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2023

---

[3] Even if Steele had preserved the issue for our review, we would have concluded that it lacked merit, as the trial court discussed on the record each of the questions in the waiver of counsel questionnaire to which Steele responded in the negative, and Steele affirmatively indicated to the trial court, on multiple occasions, that he understood each of the questions and the corresponding consequences of proceeding *pro se*.  *See* N.T., 5/31/19, at 5-11; *see also* N.T., 7/31/19, at 4-11.